## LEYNER ENGINEERING WORKS v. KEMPNER.

(Circuit Court, S. D. Texas. July 3, 1908.)

### No. 2,029.

1. COURTS—FEDERAL COURTS—EFFECT OF DECISION OF STATE COURT—PENAL OR REMEDIAL STATUTE.

Whether or not a state statute is penal and cannot therefore be enforced outside of the state is to be determined by the court of another jurisdiction in which it is attempted to enforce it as a question of general jurisprudence uncontrolled by the decisions of the courts of the state.

[Ed. Note.—State laws as rules of decisions in federal courts, see notes to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

2. CORPORATIONS—LIABILITY OF STOCKHOLDERS—COLORADO STATUTE RELATING TO FOREIGN CORPORATIONS.

Mills' Ann. St. Colo. § 501, which provides that every officer, agent, and stockholder of a foreign corporation doing business in the state without having complied with the requirements of the preceding sections shall be jointly and severally liable on all contracts made by the company within the state while so in default, gives a civil remedy to individuals, and is not a penal statute in such sense that it cannot be enforced in another jurisdiction.

3. SAME—LAW GOVERNING.

The liability of a stockholder in a corporation for corporate debts, and the manner in which it may be enforced are governed solely by the statutes of the state of incorporation, and such liability cannot be increased nor a different remedy given by the statutes of any other state in which the corporation may do business.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, §§ 830–834.]

At Law. On demurrer and special exceptions to petition.

John C. Walker and Toney, Johnson & Toney, for plaintiff.
Kleberg, Davidson & Neethe, for defendant.

BURNS, District Judge. A Colorado corporation brings this action against defendant, a citizen of Texas, and seeks to recover $13,-

000, evidenced by five promissory notes, upon the ground that said defendant was a stockholder in the Taylor-Moore Construction Company, a Texas corporation of which the plaintiff is a creditor in the above sum. Petitioner alleges: That said construction company entered into a contract with the United States, by which it engaged to build the Gunnison Tunnel in the state of Colorado; that while so engaged the plaintiff extended its credit for machinery and supplies to the amount sued for; that under the law of Colorado the Texas company was required to file a copy of its articles of incorporation, designate its principal place of business, and name an agent upon whom service could be had; and that failure to do so renders defendant liable for all debts of the company, which abandoned its contract and is now insolvent. To the allegations of the petition defendant interposes a general demurrer and the following special exceptions:

"Second. And specially excepting to said petition this defendant says that the same is insufficient in law, and plaintiff is not entitled to recover thereon, because it appears therefrom that the Taylor-Moore Construction Company, as a stockholder of which company this defendant is sought to be held liable, is a corporation created under the laws of the state of Texas, and that therefore this defendant's liability as a stockholder of said company and the manner, method, and procedure of the enforcement of such liability are fixed and to be determined by the statute and law of the state of Texas, and not by the statute or law of the state of Colorado.

"Third. And further excepting to said petition, defendant says plaintiff ought not to recover thereon against him as a stockholder of the Taylor-Moore Construction Company, a corporation created under the laws of the state of Texas, and by the laws of which state defendant's liability as a stockholder of said company and the manner, method, and procedure of its enforcement are fixed and regulated, because the laws of the state of Texas provide that defendant's liability as such stockholder shall be only to an extent equal to the amount of the stock unpaid, and that no suit shall be instituted against any stockholder until judgment shall have been obtained against the corporation of which he is a stockholder, and an execution issued against such corporation and returned unsatisfied.

"Fourth. And further specially excepting to plaintiff's said petition, this defendant says that said plaintiff should not be permitted to recover thereon, because it appears therefrom that the statute of the state of Colorado, under the provisions of which this defendant is sought to be held liable as a stockholder of the Taylor-Moore Construction Company, a Texas corporation, and in which state of Colorado plaintiff's cause of action accrued, is inconsistent with the statutes and public policy of the state of Texas with respect to the liability of stockholders.

"Fifth. And further excepting to plaintiff's said petition, this defendant says that plaintiff should not be allowed to recover thereon against him, because it appears therefrom that plaintiff sues for a recovery of a penalty against this defendant arising under a statute of the state of Colorado, which said statute is not enforceable beyond the limits of the state of Colorado, and because plaintiff's claim upon which he sues is in the nature of a penalty under the laws of the state of Colorado, and therefore not recoverable beyond the limits of said state.

"Sixth. And defendant further excepts to plaintiff's said petition, and says he should not be permitted to recover thereon because plaintiff's claim arises under a statute of the state of Colorado, by which statute a greater and heavier liability is imposed upon stockholders in corporations created in other states of the United States than is imposed by the laws of the state of Colorado upon stockholders in corporations created by or under the laws of said state, and said statute of said state of Colorado, by virtue of which said plaintiff seeks to recover from this defendant, denies to this defendant the equal

protection of the laws as provided in the fourteenth amendment to the Constitution of the United States, and is therefore in conflict with said amendment and wholly void and invalid, and said statute of the state of Colorado is further void and invalid because it is in conflict with section 2 of article 4 of the Constitution of the United States.

"Seventh. And this defendant further excepts to plaintiff's said petition because he says it appears therefrom that plaintiff's cause of action, if any it ever had, is barred by the statute of limitation of the state of Colorado, where plaintiff's said cause of action arose, by which statute plaintiff's said cause of action is barred within one year from the accrual thereof, and defendant here now asserts said statute of limitation."

The statute relied upon relates to foreign corporations, and provides as follows:

"Section 499. Foreign corporations shall, before they are authorized or permitted to do any business in this state, make and file a certificate signed by the president and secretary of such corporation, duly acknowledged with the secretary of state, and in the office of the recorder of deeds of the county in which such business is carried on, designating the principal place where the business of such corporation shall be carried on in this state, and an authorized agent or agents in this state residing at its principal place of business upon whom process may be served.

"Sec. 500. Every company incorporated under the laws of any foreign state or kingdom or of any state or territory of the United States beyond the limits of this state, shall file in the office of the Secretary of State a copy of their charter of incorporation; or in case such company is incorporated by certificate under any general incorporation law, a copy of such certificate and of such general incorporation law duly certified and authenticated by the proper authority of such foreign state, kingdom or territory.

"Sec. 501. A failure to comply with the provisions of sections 499 and 500 of this act shall render each and every officer, agent and stockholder of any such corporation so failing herein, jointly and severally personally liable on any and all contracts of such company made within this state during the time that such corporation is in default." Mills' Ann. St. See Gen. Laws Colo. 1877, p. 215.

It is contended by defendant that the Colorado act is a penal statute, and counsel for plaintiff concedes that, if this is the correct interpretation, the end of the action has been reached. Plaintiff bases its right to recover upon the proposition that the statute is remedial, and insists that under the doctrine announced in the case of Huntington v. Attrill, 146 U. S. 657, 13 Sup. Ct. 224, 36 L. Ed. 1123, the right of the creditor (plaintiff) is sustained.

It is well settled in this country and in England that a penal statute cannot be enforced in any jurisdiction other than in the territorial limits of the enacting sovereignty, and this holding has been so uniformly announced as to render citations unnecessary. The pertinent question in this connection for consideration is the determination of the act in its relation to penal enactments. Whether a statute of one state, which in some aspects may be called penal, is a penal law in the international sense, so that it cannot be enforced in the courts of another state, depends upon the question whether its purpose is to punish an offense against the public justice of the state, or to afford a private remedy to a person injured by the wrongful act. The test is not by what name the statute is designated by the Legislature, or the courts of the state in which it was enacted, but whether it appears to the tribunal which is called upon to enforce it to be, in its

character and effect, a punishment of an offense against the public, or the granting of a civil right to a private person. The question therefore becomes one of general jurisprudence, which this court must determine, uncontrolled by local decisions, and inasmuch as the statute gives to the plaintiff a civil right in aid of his demand, and the wrong, if any, being to the individual, and not to the public, it follows that the statute, while of a penal nature, is not in itself to be held a penal law in this jurisdiction, though the Supreme Court of Colorado holds to the contrary. Huntington v. Attrill, 146 U. S. 657, 13 Sup. Ct. 224, 36 L. Ed. 1123. It follows that the contention of the defendant cannot be sustained, upon the ground that the act under discussion is penal and therefore not the subject of enforcement beyond the territorial limits of the enacting state.

Without regard to the essential elements of the Colorado statute relating to the liability of stockholders in foreign corporations, the controlling question for determination is: What law fixes the liability of stockholders; that is, does the statute law of the state of incorporation fix and determine the liability of the shareholder, or is the liability to be determined and the stockholder charged by the enactments of every state in the Union in which the corporation may transact business? If the latter were true, it would invite immediate dissolution, for no sane person would become a purchaser of stock with the legal assurance that, in the event the corporation did business in a sister state—Colorado, for instance—and loss and disaster attended the venture, and it should develop that a failure to comply with some statutory provision in regard to filing a copy of its articles of incorporation, a stockholder of Vermont, having subscribed and paid for a single share of the value of $100, would be called upon to make good the loss of every creditor, who elected to extend a line of credit to the insolvent corporation. The subscriber, looking for modest dividends as the result of his investment, would be called upon to separate himself from his earnings and stand forth a commercial pauper, having wronged no creditor, yet powerless to prevent his own destruction. The doctrine is monstrous and finds no support in the decisions of any court, state or federal, and is hostile to the declared and recognized policy of this state. That the law of the state in which the corporation is created, either in its constitutional provisions or legislative enactments, alone fixes and determines the liability of the shareholder, is beyond controversy.

The case of Huntington v. Attrill does not support the cause of action here sued upon. In that case the director of the corporation was held liable to the creditor by reason of his false certificate that the capital stock of the company was fully paid, and by reason thereof the company obtained a loan of $100,000 from Huntington. The statute of New York made the officers and directors liable for all the debts of the company in the event the affidavit was false, and the act only applies to the individual who perpetrates the wrong—who engages for the moment to practice false swearing—and does not undertake to punish the innocent, even though a shareholder. But this authority only goes to support the views announced that the liability is determined by the lex loci domicilii. In the Huntington Case, the company

LEYNER ENGINEERING WORKS V. KEMPNER. **609**

was chartered under the laws of the state of New York, and had its principal place of business and residence therein. The defendant Attrill was also a citizen of said state, and suit and judgment followed there.

The law of Texas (article 686, Rev. St. 1895) provides that:

"No stockholder shall be liable to pay debts of the corporation beyond the amount unpaid on his stock."

The defendant, Kempner, being a stockholder in the Taylor-Moore Construction Company, organized under the laws of Texas, is not liable for any act, debt, or contract of said company within or without the state of Texas, and the Colorado creditor, like the Texas creditor, can only pursue the stockholder to the amount of his unpaid stock, and not then until after suit and judgment against the company and return of execution with no property found; the statute with reference to insolvent corporation being as follows:

"Art. 671. If any execution shall have been issued against property or effects of a corporation, except a railway or a religious or charitable corporation, and there cannot be found any property whereon to levy such execution, then the execution may be issued against any of the stockholders to an extent equal to the amount of the stock unpaid; but no execution shall issue against any stockholder, except upon an order of the court in which the action, suit or other proceeding shall have been brought or instituted, made upon motion in open court, after reasonable notice in writing to the person or persons sought to be charged; and upon such motion, such court may order execution to issue accordingly; or the plaintiff in execution may proceed by action to charge the stockholders with the amount of his judgment, in accordance with the liability of the stockholders."

The procedure by which the debt is sought to be collected must follow the terms and provisions governing suits of like character in the state in which the corporation was created. Where the statutes of the state which creates a corporation, making the stockholders liable for the corporate debts, provide a special remedy, the liability of the stockholder can be enforced in no other manner in a court of the United States. Fourth Nat. Bank v. Francklyn. 120 U. S. 747, 7 Sup. Ct. 757, 30 L. Ed. 825. The individual liability of stockholders in a corporation for the payment of its debts is always a creature of statute. At common law it does not exist. A statute which creates a corporation may also declare the purpose of its creation and provide for the manner in which the liability against the stockholder shall be enforced. Where the liability of the stockholder and the remedy to the creditor are created by the same statute, the particular remedy is exclusive of all others. A general liability created by statute with a remedy may be enforced by appropriate common-law action; but, where the provision for the liability is coupled with the provision for a special remedy, that remedy, and that alone, must be employed. Pollard v. Bailey, 87 U. S. 527, 22 L. Ed. 376.

It is a settled doctrine that the liability of stockholders of existing corporations cannot be increased by the subsequent adoption of a new constitution, or legislative enactment, unless the right to repeal or amend is reserved in the original instrument. If the contention of plaintiff is sound, other states, without let or hindrance, can increase the liability of the shareholder. The liability of a subscriber to stock

163 F.—39

in a foreign corporation is governed by the law of the domicile of the corporation. The rights of the creditor and stockholder are adjudicated by the law of the state creating the concern. Glenn v. Liggett, 135 U. S. 548, 10 Sup. Ct. 867, 34 L. Ed. 262.

Where a person becomes a stockholder in a corporation organized under the laws of a foreign state, he must be held to contract with reference to all of the laws of the state under which the corporation is organized, and which enters into its constitution, and the extent of his individual liability as a shareholder to the creditors of the company must be determined by the laws of that state, not because such laws are in force in the other state, but because he has voluntarily agreed to the terms of the company's constitution. The decisions of the state under which the corporation was created will determine the liability of the stockholders for the corporate debts, and those decisions will be followed by the courts of the state where the liability is sought to be enforced against a nonresident stockholder. Purdy's Beach, par. 582. If the constitution to which a corporator has agreed does not provide for individual liability to creditors, he cannot be charged with individual liability anywhere. 2 Morawetz, par. 874. The cases are uniform in holding that the extent of the stockholder's statutory liability and the character of that liability depend upon and are determined by the charter of the corporation or the statute of the state which created it. Cook on Stockholders (3d Ed.) par. 223.

In the opinion of the court, plaintiff's petition states no cause of action, and the general demurrer thereto is sustained upon the grounds specifically set forth in the second, third, and fourth special exceptions, which exceptions reach every material allegation in plaintiff's petition.