367 P.2d 452

**H. C. JACKSON and Beulah T. Jackson, his wife, Plaintiffs and Respondents,**

**v.**

**Russell J. JOYNER, Defendant and Appellant.**

No. 9470.

Supreme Court of Utah.

Dec. 22, 1961.

Howard & Lewis, Provo, for appellant.

Dallas H. Young, Provo, for respondents.

WADE, Chief Justice.

This appeal is from a judgment granting damages to H. C. Jackson and Beulah T. Jackson, his wife, respondents herein, for breach of a contract entered into between them and the Perma-Shade Aluminum Awning Company to remodel a building located in Rock Springs, Wyoming. The action was brought against Russell J. Joyner, who was the president of said Perma-Shade Aluminum Awning Company, a Utah corporation which had not qualified to do business in Wyoming. Under the provisions of the Wyoming statutes each and every officer, agent, and stockholder of a foreign corporation doing business in Wyoming without qualifying was rendered jointly and severally personally liable on any and all contracts of such company, made or performed within that state.[1]

Appellant first contends that respondents had failed to state and prove a cause of action against him because in their complaint they had based their cause of action on a failure to comply with the provisions of Art. 2, Sec. 44–201, Wyoming Compiled Statutes, 1945, relating to qualifications of a foreign corporation to do business within that state without pleading the contents of the statutes and then attempting to prove those Wyoming laws, over his objections, by unverified photostatic copies of those laws contained in the 1957 Wyoming Code, Title 17. It is to be noted that the provisions of Art. 2, Sec. 44–201, Wyoming Compiled Statutes, 1945, is now found in Sec. 17–33 Wyoming Statutes, 1957, which section is the one to be accepted as prima facie evidence of the law of Wyoming in lieu of Sec. 44–201, Wyoming Compiled Statutes, 1945, and is the same law which was in force and effect at the time the contract was executed by the parties hereto.

1. Sec. 17–34 Wyoming Statutes, 1957. Penalty for failure to comply with Sec. 17–33. A failure to comply with the provisions of this chapter accompanied by an attempt on the part of any corporation, its agents or employees to carry on or transact any business in this state without such compliance shall render each and every officer, agent, and stockholder of any such corporation, jointly and severally, personally liable on any and all contracts of such company, made or performed within this state; and every corporation failing to comply with the provisions of this chapter and attempting to

carry on or transact any business shall, by reason of such failure and such attempt to transact business forfeit its right to do business in this state, and shall only have such right restored to it upon complying with the provisions of this chapter and the payment to the secretary of state, the sum of five dollars per day for each and every day it shall have so failed. (C.L.1876, ch. 34, Tit. IV, Sec. 2; R.S.1887, Sec. 601; R.S. 1889, Sec. 3268; Laws 1901, ch. 83, Sec. 1; C.S.1910, Sec. 4252; C.S.1920, Sec. 5449; R.S.1931, Sec. 28–204; C.S.1945, Sec. 44–202.

In their complaint respondents had alleged that the Perma-Shade Aluminum Awning Company had failed to file and record the necessary documents with the Secretary of State of Wyoming to qualify it to do business in that state as required by the provisions of Art. 2, Sec. 44–201, Wyoming Compiled Statutes, 1945. They also alleged that under the provisions of Art. 2, Sec. 44–202, Wyoming Compiled Statutes, 1945, appellant herein was personally liable for damages for breach of the contract. Art. 2, Sec. 44–202, Wyoming Compiled Statutes, 1945, is now Sec. 17–34, Wyoming Statutes, 1957. The provisions in Sections 44–201, 44–202, Wyoming Compiled Statutes, 1945, and Sections 17–33 and 17–34, Wyoming Statutes, 1957, are the same, however, only Sections 17–33 and 17–34 Wyoming Statutes, 1957, after the certification of those statutes, were to be prima facie evidence of the laws of Wyoming. In submitting proof of the provisions upon which respondents had based their cause of action, they submitted to the court photostatic copies of Sections 17–33 and 17–34, Wyoming Statutes, 1957. These are the sections which the State of Wyoming had declared to be prima facie evidence of the laws contained therein. While it may be true that unverified photostatic copies of the statutes of another state was not proper proof of such statutes before the adoption of Rule 44(f) U.R.C.P., the manner of proof is no longer important since its adoption. That rule provides that:

"A printed copy of a statute, or other written law of another state, * * * contained in a book or publication purporting or proved to have been published by the authority thereof, or proved to be commonly admitted as evidence of the existing law of the judicial tribunals thereof, is presumptive evidence of the statute, law, proclamation, edict, decree or ordinance. The unwritten or common law of another state, or of a territory, or of a foreign country, may be proved as a fact by oral evidence. The books of reports of cases adjudged in the courts thereof must also be admitted as presumptive evidence of the unwritten or common law thereof. *The law of such state or territory or foreign country is to be determined by the court or master and included in the findings of the court or master or instructions to the jury, as the case may be. Such finding or instruction is subject to review. In determining such law, neither the trial court nor the Supreme Court shall be limited to the evidence produced on the trial by the parties, but may consult any of the written authorities above named in this subdivision, with the same force and effect as if the same had been admitted in evidence.*" (Emphasis ours.)

Since the trial court or this court may consult any of the written authorities of a foreign state to determine its laws and the knowledge acquired in that manner has the same force and effect as would a proper proof of such matters made at the trial before the adoption of the rule, a lack of such proof made by a party at the trial can no longer be the subject of a contention that the findings of a court on such matters is unsupported by the evidence. In the instant case the court made findings as to the contents of the pertinent statutes and therefore the contention that there was a failure of findings and proof of a vital issue is not sustained.

Appellant's contention that respondents had failed to state a cause of action against him because they had not pleaded the contents of the statutes upon which they based their claim against him is also without merit. From the contents of the complaint it is clear that respondents claimed that under the provisions of Wyoming statutes appellant was personally liable for damages for the breach of the Perma-Shade Aluminum Awning Company's contract with them because he was the president and agent of a corporation which had failed to qualify to do business in Wyoming as provided in its statutes. Under Rule 8 (a), U.R.C.P., all that is required in a complaint is that it "clearly affords fair notice of the nature and basis of the claim asserted and a general indication of the type of litigation involved."[2] The allegations were sufficient to comply with this requirement.

Appellant's argument that Sec. 17–34, Wyoming Statutes, 1957, which makes an officer, agent, and stockholder of a foreign corporation which attempts to do business in that state without complying with the provisions of Sec. 17–33 jointly and severally personally liable on any contract of such corporation made or performed in that state is penal and therefore not enforceable in the state of Utah, appears to have been rejected by the weight of authority since the United States Supreme Court decision in Huntington v. Attrill,[3] (1892). That case said that the test of whether statutes are remedial and not penal in the international sense in that they will not be enforced in another state, is whether they are grants of civil rights to private persons as contradistinguished from statutes designed as punishment for an offense against the public. Although the question of whether a statute is actually penal or merely remedial is left to the determination of the state in which the remedy is sought, we are inclined to the view that a statute which makes an officer or agent of a foreign corporation personally

---

2. Blackham v. Snelgrove, 3 Utah 2d 157, 280 P.2d 453, 454, and cases cited therein.

3. Huntington v. Attrill, 146 U.S. 657, 13 S.Ct. 224, 36 L.Ed. 1123; 25 A.L.R. Anno., page 1433, 111a.

liable for damages for breach of a contract made in the foreign state is not penal in the international sense.[4] Since appellant was the president of the Utah corporation and the person who actually transacted the business in Wyoming, there appears to be no good reason or public policy why our courts should not entertain an action against him based on the statutorily created liability of Wyoming. We are not confronted here with the case of a mere stockholder who might not be connected with the corporation other than as an owner of its shares and therefore express no opinion of whether it would be good public policy to entertain an action against such an individual based on the same statutory liability created by a sister state.

■ Appellant also argues that the court should have dismissed the action because the corporation was not joined as a party, and that it is an indispensable party to a determination of the law suit. The court, as trier of the facts, found that appellant was the president of the Perma-Shade Aluminum Awning Company, which had entered into the contract and had partially performed it before abandoning it. These facts were not controverted. Respondents based their action against appellant upon the right given to them under what is now Sec. 17-34, Wyoming Statutes, 1957, which makes every officer, agent and stockholder of a foreign corporation which has failed to qualify to do business within that state in accordance with its statutes, both "jointly and severally, personally liable on any and all contracts of such company, * * *." It is apparent therefore that the Perma-Shade Aluminum Awning Company was not an indispensable party to this suit as the action is predicated on the rights given by the statute and not on the contract between the parties, and the respondents therefore had the choice of holding liable any or all officers and agents of the corporation. As stated in 39 Am.Jur., page 908, Sec. 39:

> "In the case of a joint and several obligation, under both the common law and the modern practice statutes, the plaintiff at his option or election may sue each obligor separately or all of them jointly * * *."

The court therefore did not err when it failed to dismiss the action on that ground.

Affirmed. Costs to respondents.

McDONOUGH, CALLISTER, and CROCKETT, JJ., concur.

HENRIOD, Justice (concurring in the result).

I concur in the result, but in doing so, express considerable doubt as to the en-

---

4. Leyner Engineering Works v. Kempner, 5 Cir., 163 F. 605.

forcement, under the broad language of the Wyoming statute, of a contract *made and performed in Wyoming,* by one stockholder, against another Utah stockholder, *in the Utah courts.* The implications of the statute reach to infinity, and would permit a $100,000 judgment to be rendered *in Utah* against an individual shareholder, holding a $1.00 share of stock, even though the latter had never been in the state of Wyoming, and never heard of the alleged contract.

I believe the all-inclusive breadth of the Wyoming statute raises serious constitutional and conflicts of laws questions that are not discussed or settled in our decision, but which were raised on appeal.