(61 Misc. Rep. 112.)

PEOPLE ex rel. OVERTON v. WHIPPLE, Forest. etc., Com'r.

(Supreme Court, Special Term, Suffolk County.   November, 1908.)

MANDAMUS (§ 142*)—VENUE.

    Where a state oyster protector was dismissed from his office, and the act took place at Albany county, where the forest, fish, and game commissioner· has his office, an application for a writ of mandamus should under Code Civ. Proc. § 2068, be brought in Albany county.

    [Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 279; Dec. Dig. § 142.*]

Application by the People, on the relation of John E. Overton, for a writ of mandamus to James S. Whipple, forest, fish, and game commissioner, to restore relator to office. Dismissed without prejudice.

Joseph M. Belford, for relator.
John K. Ward, for respondent.

JAYCOX, J. The defendant raises the preliminary objection that a mandamus cannot issue herein upon an application made at a Spe-

cial Term held in Suffolk county; the defendant being a public officer having his office in the county of Albany.

Section 2068 of the Code of Civil Procedure provides:

"Except where special provision therefor is otherwise made in this article, a writ of mandamus can be granted only at a special term of the supreme court held within the judicial district embracing the county, wherein an issue of fact, joined upon an alternative writ of mandamus is triable, as prescribed in this article."

Suffolk county being in the second district, and Albany county in the third district, it seems that the question as to whether or not the application is made in the proper county is determinable by ascertaining in what county the issue of fact would be triable. Section 2084 of the Code of Civil Procedure contains this provision:

"An issue of fact, joined upon an alternative writ of mandamus, granted at a special term of the supreme court, is triable in the county, wherein it is alleged in the writ, that the material facts took place, unless the court directs it to be tried elsewhere."

It seems to me that the material fact herein is the relator's removal from office. That took place at Albany. It is true that upon the trial other facts which took place at other places might be proved, but they would be material only as bearing upon the main question as to whether or not the relator's removal was legal. The question of fact herein under this provision of the Code would be properly triable in Albany county. This is in harmony with the provision in relation to the trial of an action against a public officer found in section 983, subd. 2, Code Civ. Proc. It is also supported by authority. People ex rel. Shook v. Kilburn, 28 Misc. Rep. 679, 59 N. Y. Supp. 1052.

The preliminary objection to the hearing of the application upon the merits in the second district is therefore sustained without costs, and without prejudice to a new proceeding in the proper county where the merits may be determined.

Ordered accordingly.