(28 Misc. Rep. 679.)

PEOPLE ex rel. SHOOK v. KILBURN.

(Supreme Court, Special Term, New York County. August, 1899.)

VENUE—MANDAMUS PROCEEDING AGAINST STATE OFFICER.

    An application for a mandamus against the state superintendent of bank- ing, to compel the issuance to relator of a certificate showing him to be entitled to a reward under Laws 1895, c. 326, § 2, for the incorporation of associations for lending money on personal property, and providing for the payment of a reward to a person giving information and furnishing proof of a violation of its provisions, must be made to a court at the state capital or in an adjoining county; that being the place where defendant's office is located, and where his duties as a state officer require his constant attendance.

Application, on relation of Herman N. Shook, for a writ of man- damus against Frederick D. Kilburn, superintendent of the bank- ing department. Dismissed.

H. H. Shook and T. B. Wakeman, for relator.

J. C. Davies, Atty. Gen., for respondent.

McADAM, J. The application for a mandamus against the re- spondent, as superintendent of banking, whose office is at the capitol in Albany, ought to have been made in that or an adjoining county. People v. Supervisors of Schuyler, 2 Abb. Prac. (N. S.) 78; Mason v. Willers, 7 Hun, 23. The intimation to the contrary in People v. Rice, 68 Hun, 24, 22 N. Y. Supp. 631, although entitled to great respect, is not controlling, being obiter merely. It can hardly be supposed that the legislature intended that a public officer, whose duties require his constant attendance at Albany, should be taken to any of the 61 counties of the state which a petitioner in mandamus proceedings may select, to answer for his official acts. Such proceedings may eventuate in a trial of an issue of fact, and such issue ought to be de- termined in the county in which the public office is located. By analogy, see People v. Hayes, 7 How. Prac. 248; Porter v. Pillsbury, 11 How. Prac. 240; Wintjen v. Verges, 10 Hun, 576; Cowen v. Quinn,

13 Hun, 344. Even if such a question were a doubtful one, capable of two constructions, public interest, which molds the policy of the state, would suggest the propriety of resolving the doubt in favor of public welfare. The proceeding is based upon section 2 of chapter 326 of the Laws of 1895, for the incorporation of associations for lending money on personal property, which section provides that a reward of $250 shall be paid by the state to the person first giving information and furnishing legal proof of a violation of the provisions of said act. The relator is endeavoring to procure a certificate to the effect that he has complied with the act and is entitled to the reward. The information and proof required must be lodged with the state, and it matters not how they reach their destination. Until the papers are put into the physical possession of the state officials at Albany, the state incurs no liability, and the informant secures no rights. The reward becomes payable only after certain results are obtained at the seat of government, and the cause of action, if it may be so termed, arises in the city of Albany, and not elsewhere. Service by mail is not provided for by the act; so that under its provisions the risk of the mail is on the informant, not the state.

The preliminary objection to the hearing of the application on its merits in the First department is therefore sustained, without costs, and without prejudice to a new proceeding in the proper county, where the merits may be determined. Ordered accordingly.