## SMITH v. COLSON.

No. 1279.   Opinion Filed March 12, 1912.

Rehearing Denied April 16, 1912.

(123 Pac. 149.)

1.   APPEAL AND ERROR—Presenting Question in Lower Court—Theory of Cause. A party who has tried his case upon one theory in the trial court and lost cannot, on appeal to the Supreme Court, seek to have his cause reversed upon another and different theory, not presented to the trial court.

2.   LIMITATION OF ACTIONS—Forfeiture for Refusal to Acknowledge—Satisfaction of Mortgage—"Penal Statute." Section 3057, Ind. Ter. St. (section 4746, Mansf. Dig.), making a mortgagee who fails, within 60 days after request, to acknowledge satisfaction of a mortgage that had been paid forfeit to the party aggrieved an amount not exceeding the amount of the mortgage money, is not a "penal statute," within the sense of that term as used in section 2949, Ind. Ter. St. (section 4482, Mansf. Dig.), constituting a part of the statute of limitations in the Indian Territory, and requiring that all actions based upon penal statutes shall be commenced within two years after the offense shall have been committed or the cause of action shall have accrued.

3.     **MORTGAGES**—Satisfaction—Forfeiture for Refusal to Acknowledge.  In an action by the mortgagor against a mortgagee to recover under section 3057, Ind. Ter. St. (section 4746, Mansf. Dig.) for the mortgagee's failure to acknowledge satisfaction of a mortgage, as required by said statute, it is a competent defense for the mortgagee to show that there was a controversy between him and the mortgagor as to whether the mortgage debt had been paid, and, upon substantial grounds and in good faith, he refused to satisfy the mortgage, believing that the mortgage debt, or a part thereof, had not been paid, and that he is entitled to recover same; and, where there is evidence tending to support this issue of defense, it was error for the court to refuse an instruction thereon, correctly stating the law applicable to such issue.

(Syllabus by the Court.)

*Error from Carter County Court;*
*I. R. Mason, Judge.*

Action by J. W. Colson against C. R. Smith.  Judgment for plaintiff, and defendant brings error.  Reversed.

*Bledsoe & Little,* for plaintiff in error.

*W. A. Ledbetter, J. A. Bass,* and *J. B. Moore,* for defendant in error.

HAYES, J.  This action was brought originally by defendant in error, plaintiff below, and hereinafter referred to as plaintiff, against plaintiff in error, hereinafter referred to as defendant, to recover $900 as a penalty for failure of defendant to satisfy a mortgage record.  The petition alleges that plaintiff, on the 17th day of December, 1903, executed a note to defendant for $1,000, together with a mortgage on certain property situated in the city of Ardmore, Ind. T., to secure the payment of said note, which was due and payable on the 17th day of June, 1904, at Ardmore, Ind. T.; and that the mortgage was duly recorded on the 19th day of December, 1903.  It alleges that on the 12th day of July, 1904, the note was paid and fully discharged, and was delivered to plaintiff on that date, and that thereafter, on the 25th day of February, 1908, plaintiff requested defendant, in writing, to release the mortgage, and tendered to defendant 75 cents, the cost of filing and recording the release; that, under the law, defendant is liable to plaintiff for one per centum per

day on the amount of the original note from the 25th day of February, 1908, in the sum of $1,000, for which plaintiff prays judgment. A copy of the note was attached to the petition as an exhibit, and it shows the indorsement of $960, paid thereon on July 21, 1904.

After a general demurrer to the petition had been overruled, and defendant had filed its answer and cross-petition thereto, defendant filed a special demurrer to the petition, containing two grounds of demurrer, as follows: First, that the petition upon its face shows that the cause of action, if one ever existed, has been barred by the statute of limitation; and, second, that if any cause of action ever existed in favor of plaintiff against defendant, it existed, as shown by the allegations of the petition, under the laws of the Indian Territory, and plaintiff's remedy, if any, is under said laws; and the penalty in cases of that kind is the actual damages sustained in the amount not exceeding the debt, and not a per cent. per diem, as alleged in the petition. The special demurrer was also overruled.

No question presented by the second ground of the special demurrer is properly presented by any assignment of error in this proceeding, so as to require a review thereof.

The first and only question presented under the general demurrer and by the first paragraph of the special demurrer, arising on the assignments of error complaining of the court's action in overruling said demurrers, is the question whether plaintiff's action is barred. This cause of action arose before the admission of the state. The action, however, was not filed until subsequent to the admission of the state; and the procedure therefore applicable to the trial of the cause is that now in force in the state.. *Independent Cotton Oil Co. v. Beacham, infra,* 120 Pac. 969. Where a petition, upon its face, shows that the cause of action is barred by the statutes of limitation, a demurrer thereto upon such ground should be sustained; but, if the petition does not show upon its face facts constituting the bar, the demurrer must be overruled. *Reaves v. Turner,* 20 Okla. 492, 94 Pac. 543; *De Roberts v. Town of Cross,* 23

Okla. 888, 101 Pac. 1114; *Betz v. Wilson,* 17 Okla. 383, 87 Pac. 844; *Walker v. Fleming,* 37 Kan. 171, 14 Pac. 470. Neither the general demurrer nor the special demurrer sets up the particular statute of limitation upon which defendant relies; but it has been made to appear that defendant, in the lower court, relied upon section 2949, Ind. Ter. St. (section 4482, Mansf. Dig.), which provides as follows:

"All actions upon penal statutes, where the penalty, or any part thereof, goes to the state, or any county, or person suing for the same, shall be commenced within two years after the offense shall have been committed, or the cause of action shall have accrued."

In a supplemental brief filed in this court, defendant contends for the first time that the action, if not barred by the foregoing statute, is barred by another statute, to wit, section 2945, Ind. Ter. St. (section 4478, Mansf. Dig.); but no rule is better settled in this court than that a party cannot, after he has tried his case in the trial court upon one theory, proceed on appeal to this court to have it reversed upon some other theory. *Hamilton v. Brown, infra,* 120 Pac. 950; *Dodder v. Moberly,* 28 Okla. 334, 114 Pac. 714; *Wattenbarger v. Hall,* 26 Okla. 815, 110 Pac. 911; *Border et al. v. Carrabine,* 24 Okla. 609, 104 Pac. 906; *Harris v. First Nat. Bank of Bokchito,* 21 Okla. 189, 95 Pac. 781.

Whether this action is barred must be determined by the application of the statute relied upon at the trial below. As to what constitutes a penal statute, within the meaning of section 2949, *supra,* seems not to have ever been determined by the highest appellate court of the state from which that statute was adopted in the Indian Territory; but that question was considered in *Nebraska Nat. Bank v. Walsh,* 68 Ark. 433, 59 S. W. 952, 82 Am. St. Rep. 301, which was an action to recover a statutory liability arising under certain statutes of the state of Arkansas, by which it was made the duty of the president and secretary of every corporation organized under the statute to make annually a certificate, showing the condition of the affairs of the corporation, and to file same. For failure to comply with the statute by making the required certificate, the statute made the president

and secretary severally liable to an action for all debts of such corporation contracted during the period of their negligence or refusal. The court, in holding that such a statute is not a penal statute, within the meaning of section 2949, *supra,* said:

"But, whether our statute was borrowed from England or not, it is very similar to 31 Elizabeth and the distinction, *supra,* between penal and remedial statutes, under it was correct then, and, under the particular wording of our statute, it is correct now; for, in our opinion, the phraseology of our statute indicates that the Legislature had in mind only those statutes which imposed a pecuniary mulct for the doing or not doing of some act commanded or forbidden by the law for the benefit of the public, and for which pardon might be granted, and for which the government alone, or its designated agent, or the common informer, might bring an action—in other words, penal statutes in the strict and proper sense, and not statutes creating private rights and remedies. The words 'or person' mean simply any other person who sues as a common informer, and not one having a special interest by reason of any injury or grievance. The words 'or cause of action shall have accrued' refer to those numerous penal statutes where the cause of action does not accrue to the state or county until the common informer has been given an opportunity to sue for the penalty, or *vice versa,* or to cases where an opportunity is given to the offender to make compensation or restitution, before he can be proceeded against. In all such cases, of course, the cause of action accrues after the commission of the offense."

There are a number of decided cases under similar statutes that hold a doctrine contrary to that adopted by the Arkansas court; but the conclusion of the Arkansas court in the foregoing case is supported by clear and strong reason, and is well fortified by authorities. Its conclusion is in harmony, also, with the rule of the Supreme Court of the United States in *Huntington v. Attrill,* 146 U. S. 657, 13 Sup. Ct. 224, 36 L. Ed. 1123; see, also, *City of Atlanta v. Chattanooga Foundry & Pipeworks et al.,* 127 Fed. 23, 61 C. C. A. 387, 64 L. R. A. 721.

The statute upon which plaintiff founds his action in the instant case is to be found in sections 3056 and 3057, Ind. Ter. St. (sections 4745, 4746, Mansf. Dig.), which are as follows:

"Section 3056. If any mortgagee, his executor, administrator or assignee, shall receive full satisfaction for the amount due on any mortgage, he shall, at the request of the person making satisfaction, acknowledge satisfaction thereof on the margin of the record in which such mortgage is recorded.

"Section 3057. If any person thus receiving satisfaction do not, within sixty days after being requested, acknowledge satisfaction as aforesaid, he shall forfeit to the party aggrieved any sum not exceeding the amount of the mortgage money, to be recovered by civil action in any court of competent jurisdiction."

Tested by the rule of the Arkansas case, this statute is not a penal statute. It is not a statute imposing a pecuniary mulct, for violation of which a pardon may be granted, or for which the government alone, or its designated agent, or the common informer, may bring an action; but, on the other hand, it creates a private right for the benefit of private persons, who alone may enforce the remedy. No one but some party aggrieved can maintain an action to recover the sum the mortgagee forfeits by reason of his violation of the statute. In Words and Phrases, p. 5269, it is said:

"'Penal laws,' strictly and properly, are those imposing punishment for an offense committed against the state, and which, by the English and American Constitutions, the executive of the state has the power to pardon. Statutes giving a private action against a wrongdoer are sometimes spoken of as penal in their nature; but in such cases neither the liability imposed, nor the remedy given, is strictly penal."

This definition is amply supported by authorities cited in the text. It is our view that, while the statute upon which plaintiff founds his action may be of a penal nature, it is not, primarily and strictly speaking, a penal statute, within the terms of the statute of limitation relied upon; and the court therefore committed no error in overruling the demurrers.

The following instruction, requested by defendant, was refused:

"If you find from the evidence that there was a dispute or controversy between plaintiff and defendant as to the amount due defendant, and you find that defendant has and does in good

faith claim a balance due from plaintiff, you are instructed to return a verdict for the defendant."

Under statutes the same or similar to the one upon which plaintiff founds his right of action, the rule, supported by the weight of the authorities, is that, because of the penal character of such statutes, they should be strictly construed, and a mortgagee not rendered liable thereunder who, in good faith, having, as he may believe, real substantial grounds for contesting the fact of payment, refuses to make an entry of satisfaction of the mortgage. Among the authorities so holding are the following: *Burrows v. Bangs*, 34 Mich. 304; *Parkes v. Parker*, 57 Mich. 57, 23 N. W. 458; *Scott v. Field*, 75 Ala. 419; *Schumacher v. Falter*, 113 Wis. 563, 89 N. W. 485; *Lane v. Frake*, 70 Ill. App. 303; *Parkhurst v. First Nat. Bank of Clyde*, 53 Kan. 136, 35 Pac. 1116; 1 Jones on Mortgages (6th Ed.) sec. 991; 27 Cyc. 1428.

Evidence introduced by defendant reasonably tends to show that there was a controversy between him and plaintiff as to the payment of the entire amount of the mortgage debt; and that defendant yet contends there is a balance due thereon, which he seeks to recover in this case. It is not necessary to review all this evidence. While it is shown that the mortgage note was surrendered by defendant to plaintiff upon the payment of the sum of $960, $40 less than the face of the note, there is evidence on the part of defendant to the effect that he still contends for the remaining $40, and surrendered the note under the impression that the mortgage would secure the collection of the remainder. The requested instruction, therefore, should have been given, submitting to the jury defendant's issue of good faith in refusing to cancel the mortgage; and failure of the court to do so upon request was prejudicial error for which the cause should be reversed; and it is so ordered.

TURNER, C. J., and KANE and DUNN, JJ., concur; WILLIAMS, J., absent, and not participating.