## THORNE v. MILLIKEN *et al.*

No. 6623. Opinion Filed May 16, 1916.

(157 Pac. 914.)

1. **USURY—Nature of Action—Venue.** The payment of usury and the making of a demand for its return as provided by section 1005. Rev. Laws 1910, create the right of action for its recovery, and an action to recover such usury and penalty may be maintained in the county in which the payment was made.

2. **SAME—Pleading—Objections—Demurrer.** Where a petition for the recovery of usury and the penalty therefor points out where the action accrued, a demurrer to such petition upon the ground that the defendants resided and were served with summons in a county other than the one in which such action was brought and

that consequently the court in which such action was brought was without jurisdiction, should be overruled.

3.     **TRIAL—Questions of Fact—Demurrer to Evidence.** A demurrer to the evidence should not be sustained when there is evidence upon which the jury can reasonably predicate a verdict.

4.     **USURY—Actions — Costs — Taxation—Proceedings — Attorney's Fee.** The court, and not the jury, must fix the attorney's fee to be awarded the prevailing party in an action to recover usury, and it is the proper practice, after the rendition of the verdict, for the court to sustain a motion to hear evidence as to the value of such attorney's fee and fix the amount of same, for the use and benefit of the attorney of record of the prevailing party, as a part of the costs of the action.

(Syllabus by Collier, C.)

*Error from County Court, Jackson County;*
*J. M. Williams, Judge.*

Action by J. H. Milliken and another against E. C. Thorne.     Judgment for plaintiffs, and defendant brings error.     Affirmed.

*Robinson & Hamilton,* for plaintiff in error.

*W. T. McConnell,* for defendants in error.

Opinion by COLLIER, C.     This is an action brought by the defendants in error against the plaintiff in error to recover usurious interest paid.     Hereinafter the parties will be designated as they were in the trial court.

The first paragraph of the petition in this case alleges and states:

"First.     That the plaintiffs are and have been at all times in this petition set out residents of Jackson county, Okla., and the defendant is and has been at all times mentioned in this petition a resident of Oklahoma county, Okla., and that this action is to recover a forfeiture and penalty imposed by statute, and arose within Jackson county, Okla."

And in the other parts said petition amplifies and explains how said cause of action arose within Jackson county. The defendant appeared specially and demurred to the petition, which demurrer, omitting its caption, is as follows:

"That, it is shown by the plaintiff's petition this is an action brought for the recovery of usurious interest, and therefore said action should be brought in the county in which the defendant resides or may be summoned; and, as set forth in plaintiff's petition, the defendant is a resident of Oklahoma county and therefore, as shown upon the face of plaintiff's petition, the court has no jurisdiction of the person of the defendant, and of this the defendant prays the court."

Which demurrer was overruled by the court, and duly excepted to. Thereafter the defendant filed an answer denying each and every material allegation in plaintiffs' petition.

Plaintiff in error has failed in his brief to abstract the testimony, but states that:

"Milliken testified to having paid certain notes, copies of which were attached to plaintiff's petition as exhibits, but nowhere in his testimony does he state the amount he paid the defendant."

Upon the conclusion of the evidence of plaintiffs, the defendant demurred to plaintiffs' evidence, which demurrer was overruled and exception duly saved.

The brief does not disclose that any evidence was offered on the part of the defendant. Upon the conclusion of the evidence, the plaintiff requested the court to instruct the jury to return a verdict for the plaintiff in the sum of $468.75, together with costs, which the court de-

clined to do, to which the plaintiff duly excepted, and thereupon the court, on its own motion, instructed the jury to return a verdict for the plaintiff in the sum of $252.50, to which the defendant duly excepted. The defendant timely filed a motion for new trial, which was overruled and exception duly saved.

At a subsequent time at the same term of the court the plaintiffs filed a motion to retax the costs in the case, and to tax and assess as a part of the costs in this action the sum of $50 for the use and benefit of their attorney, McConnell, which they alleged was a reasonable attorney's fee in this action, which motion coming on to be heard, evidence was introduced as to the value of said attorney's fee, and the court retaxed the costs fixing such attorney's fee in the sum of $50, to which the defendant duly excepted.

The errors assigned are: (1) Overruling defendant's demurrer to the plaintiff's petition; (2) overruling defendant's demurrer to the plaintiff's evidence; (3) directing the jury to return a verdict for plaintiff in the sum of $252.50; (4) taxing as a part of the costs in the case the sum of $50 as attorney's fee; (5) overruling motion for a new trial.

This being an action for the recovery of a statutory penalty, it must be brought in the county where the cause of action or some part thereof arose. Section 4673, Rev. Laws 1910.

It is true that it is provided by section 1005 that the action to recover for usurious interest paid and the penalty provided is an action in the nature of debt, but this provision of the statute has no reference to the venue of such action, and cannot be regarded as in conflict with sec-

tion 4673, which provides that to recover a statutory penalty the action must be brought in the county where the cause of action or some part thereof arose. In an action to recover a statutory penalty, it is where the act which violated the statute was done. 40 Cyc. p. 83.

"P. sued to recover a penalty under the statute of usury. The usurious contract had been made in M. county; the money had been paid in L. county. The venue was laid in M. county. It was held that it should have been in the county in which the usurious interest was received. *Pearson v. McGowran*, 3 B. & C. 700, 703, 5 D. & R. 616, 3 L. J. K. B. (O. S.) .95, 10 E. C. L. 318; 107 Eng. Reprint, 893. Nor did the rule that an act partly done in one county permits a venue in another (see *supra;* and *Pilgrim v. Mellor*, 1 Ill. App. 448; *Sutton v. Clarke*, 1 Marsh, 429, 6 Taunt. 29, 16 Rev. Rep. 563, 1 E. C. L. 493) apply here. Although the contract in M. county was material, as 'stamping the illegality of the receipt,' the offense was wholly where the money was received. By analogy, a proceeding to compel the payment of a reward should be brought in the county where the culminating act is done. *People v. Kilburn*, 28 Misc. Rep. 679, 59 N. Y. Supp. 1052."

"Under Const. Utah, art. 8, sec. 5, requiring all actions to be tried in the county where they arose, an action to try title to a mining claim, located on land included in another claim, on wh'ch defendant entered, arose in the county where the land was situated and the entry made, and not in that where the land office in which the defendant's claim was filed was situated."

We think that an action to recover usurious interest paid and the penalty imposed therefor can properly be brought in the county where such usurious interest is paid. In fact no right of action arises until such usurious interest has been paid. It therefore follows that as it is

shown by the face of the petition that the cause of action arose in Jackson county, the court had jurisdiction and properly overruled the demurrer. In view of the fact that the grounds of demurrer were predicated upon the fact that the defendant's residence was and he was served in Oklahoma county, it was not shown why the court did not have jurisdiction, the venue being where the cause of action arose, and not where the defendant resides. The contention of the defendant that the venue in an action to recover usurious interest paid is governed by section 4679, Rev. Laws 1910, is not sound.

We have carefully examined the record and find from the uncontradicted evidence that the court did not err in overruling the demurrer to the evidence.

The fact that the plaintiff Milliken testified that he paid the note for $125, a copy of which was attached as an exhibit to the petition, upon which the usury charge is predicated, must be taken, in the absence of evidence to the contrary, as proof that he paid the amount named in the note, and hence did testify as to the amount of usury paid by him. We are unable to agree with the contention of defendant that the court erred in directing a verdict for the plaintiff.

The evidence not be'ng abstracted, and, so far as stated, not being in conflict, and fully supporting the action of the plaintiff, the plaintiff was entitled to a directed verdict, and the state of the record is such that we are unable to say that the amount in which said verdict was directed was an error. *Jones v. State Bank of Bristow*, 39 Okla. 784, 136 Pac. 737; *Moore v. First National Bank of Iowa City*, 30 Okla. 623, 121 Pac. 626; *Neely v. Southwestern Cotton Seed Oil Co.*, 13 Okla. 356, 75

Pac. 537, 64 L. R. A. 145; *Union Pacific R. R. Co. v. McDonald,* 152 U. S. 262, 14 Sup. Ct. 619, 38 L. Ed. 436; *Elliott v. Chicago, etc., Ry. Co.,* 150 U. S. 245, 14 Sup. Ct. 85, 37 L. Ed. 1068; *Delaware, etc., Ry. Co. v. Converse,* 139 U. S. 469, 11 Sup. Ct. 569, 35 L. Ed. 213; *Phoenix Life Insurance Co. v. Doster,* 106 U. S. 35, 1 Sup. Ct. 18, 27 L. Ed. 65; *Connecticut Mutual Life Insurance Co. v. Lathrop,* 111 U. S. 612, 4 Sup. Ct. 533, 28 L. Ed. 536.

We are also unable to agree with the contention of defendant that the court erred in entertaining the motion to retax the costs, hearing the evidence as to the value of the attorney's fee, and fixing the same.

Section 1006, Rev. Laws 1910, provides:

"In all cases where an action is brought by any person to recover the penalty prescribed by the preceding section the prevailing party in such action shall be entitled to recover, as part of the costs, a judgment against the other party to such action for a reasonable attorney's fee in a sum not less than ten dollars, to be fixed by the court, for the use and benefit of the attorney of record of the prevailing party, together with all costs."

It is very clear that this taxing of the attorney's fee is to be done subsequent to the rendition of the judgment, and that the jury have nothing to do with the fixing of the attorney's fee, the statute expressly providing that the same is to be fixed by the court. Until after the rendition of the verdict in favor of the prevailing party, it would be impracticable to intelligently fix the amount of the attorney's fee, and therefore we are of the opinion that the court did not err in retaxing the costs and fixing the attorney's fee, as done.

Finding no reversible error in this case, the same should be affirmed.

By the Court: It is so ordered.