## NORMAN v. CAMPBELL.

No. 29857.   Dec. 17, 1940.

Rehearing Denied Jan. 7, 1941.

*108 P. 2d 789.*

Roper & Merson, both of Oklahoma City, and J. M. Hill, of Tulsa, for plaintiff in error.

D. E. Hodges, of Bartlesville, and Tomerlin & High, both of Oklahoma City, for defendant in error.

PER CURIAM. This action was instituted in the court of common pleas of Oklahoma county on the 11th day of July, 1939, by the plaintiff in error, hereinafter referred to as plaintiff, against the defendant in error, hereinafter referred to as defendant, to recover the penalty provided by statute for the exaction of usury. The defendant, on August 10, 1939, filed a motion to strike certain redundant and irrelevant matter from the petition. This motion was sustained in part, and defendant thereafter filed a motion to make the petition more definite and certain, which motion was likewise sustained in part, and thereupon the plaintiff requested and was granted permission to amend his petition by interlineation so as to expressly allege that his cause of action had arisen in Tulsa county. Thereupon the defendant demurred to the petition on the ground that the venue of such action was in Tulsa county, and that same could not be maintained in the court wherein it had been brought. This demurrer was sustained, and upon the election of plaintiff to stand upon his petition, the action was dismissed. The plaintiff appeals from the order sustaining such demurrer and dismissing the action.

The action being one to recover a penalty imposed by statute, the venue was in the county where the cause, or some part thereof, arose. Section 111, O. S. 1931, 12 Okla. St. Ann. § 133; Thorne v. Milliken, 57 Okla. 735, 157 P. 914. The plaintiff tacitly concedes such to be the case, but urges that since the venue could be waived (Hume v. Cragin, 61 Okla. 219, 160 P. 621) the defendant had done so when he filed the above-mentioned nonjurisdictional motions. In support of this contention we are cited to Knebel v. Rennie, 87 Okla. 136, 209 P. 414; Chicago, R. I. & P. Ry. Co. v. Austin, 63 Okla. 169, 163 P. 517; Lindley v. Kelly, 47 Okla. 328, 147 P. 1015; Walton v. Kennamer, 39 Okla. 629, 136 P. 584. The defendant concedes that the rule announced in the foregoing cases would be applicable had the petition when filed alleged the jurisdictional facts and the defendant filed said motions in the face thereof, but urges that since the jurisdictional facts were not stated in the petition until the amendment of January 10, 1940, was made, therefore a different rule applies, and that the defendant was within time when he immediately interposed the jurisdictional objection which he did, and cites in support of this contention Hurlburt v. Palmer, 39 Neb.

158, 57 N.W. 1019; Baker v. Union Stockyard Nat. Bank, 63 Neb. 801, 89 N.W. 269; Callahan v. Allied Mills, Inc., 128 Neb. 352, 258 N.W. 804; Kyd v. Exchange Bank of Courtland, 56 Neb. 557, 76 N.W. 1058, and Phillips Petroleum Co. v. Smith, 177 Okla. 539, 61 P. 2d 184.

We are of the opinion that the contention so made by the defendant is meritorious and should be sustained. The plaintiff knew when he filed his action in the court of common pleas of Oklahoma county that the same had to be brought in the county where the cause of action or some part thereof arose, and omitted to furnish this essential allegation in his petition until he requested and was permitted to amend his petition on January 10, 1940. Thus, for the first time, was the question of jurisdiction injected into the action, and defendant promptly presented his objection thereto to the court. In so doing he was not to be held to have waived this question by the prior motions which he had filed in the cause. In Phillips Petroleum Co. v. Smith, supra, we had a somewhat analogous situation and therein held that where the plaintiff depended on the allegation of ownership of property or the maintenance of agency in the county where the action was brought to sustain the venue therein and failed to support such allegation by evidence, that overruling a demurrer to the evidence of plaintiff and the refusal to direct a verdict in favor of defendant constituted error, since the right to maintain the action in the forum selected failed. The principle so announced is applicable to the situation here presented. The demurrer challenged the jurisdiction of the court at the first opportunity, and since it appeared by the plaintiff's petition that his action had been brought improperly in said court, it was not error to sustain the demurrer and to dismiss the action.

Judgment affirmed.

BAYLESS, C. J., and RILEY, OSBORN, CORN, and NEFF, JJ., concur.