CARNATION COMPANY OF OKLAHOMA,
a corporation, et al., Petitioners,

v.

The SUPERIOR COURT OF CREEK COUN-
TY, Oklahoma (Drumright Division), The
Honorable G. B. Chuck Coryell, the Judge
thereof, and Ben Leftwich, Respondents.

No. 40870.

Supreme Court of Oklahoma.

April 28, 1964.

Rehearing Denied May 27, 1964.

Samuel T. Allen, III, Sapulpa, Frank Carter, Enid, Lynn J. Bullis, Jr., Oklahoma City, Stanley D. Campbell, R. L. Davidson, Jr., Chris L. Rhodes, B. Hayden Crawford and Richard B. McDermott, Tulsa, for petitioners.

Donald L. Worthington, Cushing, Doyle Watson, Drumright, for respondents.

WILLIAMS, Justice:

This is an original proceeding in this Court wherein the petitioners seek to prohibit the respondents, The Superior Court of Creek County, Oklahoma, (Drumright Division), G. B. Chuck Coryell, Judge thereof and Ben Leftwich, from proceeding further in an action brought in said court by Mr. Leftwich, as plaintiff, against petitioners as defendants, for the reason that the venue of said action did not lie in said Creek County. In view of our proposed determination of the within controversy, jurisdiction of this action has been assumed. Our continued reference to the parties is as they appeared in the lower court.

The primary action in the Superior Court of Creek County (Drumright Division) was brought for the recovery of treble dam-

ages allegedly resulting from the refusal of defendants to sell plaintiff products manufactured and dealt in by defendants. In his petition plaintiff alleged that for more than two years prior to September 1, 1962, "he had owned and operated the business known as Ben's Food Market situated at 1050 East Oak Street, in the City of Cushing, Oklahoma, in the general market and food business at retail"; that "prior to the 1st day of September, 1962, all of said defendants sold and delivered to said plaintiff their products for sale at retail by the said plaintiff to the general public"; that on said date plaintiff reduced the prices of such products below the retail prices suggested therefor by defendants; that thereupon defendants "declined and refused to furnish to and sell their products to said plaintiff for retailing and assigned as the reason therefor the said plaintiff's failure to charge the price therefor established by the defendants"; that "the action of the defendants, and each of them, in declining, failing and refusing to sell the products manufactured by and dealt in by the said defendants in the manner and form specified herein was in direct violation of" 79 O.S.1961 § 1.

Each of the defendants was served outside of Creek County with summons. The defendants filed separately their special appearances and challenges and objections in the primary action attacking the jurisdiction of the Superior Court of Creek County. When such motions were overruled, the present case was filed.

■ In urging that the Superior Court of Creek County does not have venue, defendants advance the following proposition:

"The action in said cause number 3906 is for the recovery of a penalty imposed by statute which allegedly arose in Payne County, Oklahoma. Under the provisions of section 133 of Title 12, Oklahoma Statutes of 1961, such an action can only be maintained in Payne County, Oklahoma".

If plaintiff has a cause of action at all, he must recover pursuant to the provisions of 79 O.S.1961 § 25. Such section contains the following language:

"Any person, firm, corporation or association, who shall be injured in his business or property by any other person, firm, corporation or association, by reason of anything forbidden, or declared to be unlawful by this Article, may sue therefor in the courts of this State, and shall recover three-fold the damages by him sustained, and the cost of suit, and a reasonable attorney's fee to be fixed by the court."

In this state, venue of actions is fixed by statute, 12 O.S.1961 § 131 et seq. It is, therefore, of prime importance that we take note of those provisions. Section 133 of the statute provides:

"Actions for the following causes must be brought in the county where the cause, or some part thereof arose:

"First. An action for the recovery of a fine, forfeiture or penalty imposed by statute * * *" (with exceptions not here applicable).

It is not disputed that plaintiff's cause arose in Payne County. In order to decide where venue lies, we must determine whether or not plaintiff's action is one for the recovery of a forfeiture or penalty imposed by statute.

Defendants contend that the usury statute is a direct parallel to the private remedy invoked in this action; that the former "directs recovery of double the amount of interest paid with attorney's fee", while the latter "provides the recovery of three-fold the damages sustained, together with attorney's fees."

In the case of Norman v. Campbell, 188 Okl. 328, 108 P.2d 789, we held that an action to recover a statutory penalty for exaction of usury was required to be brought in the county wherein the cause of action or some part thereof arose.

In the earlier case of Thorne v. Milliken, et al., 57 Okl. 735, 157 P. 914, 915, we said:

"This being an action for the recovery of a statutory penalty must be brought in the county where the cause of action or some part thereof arose. Section 4673, R.L.1910. [12 O.S.1961 § 133.]

"It is true that it is provided by section 1005 that the action to recover for usurious interest paid and the penalty provided is an action in the nature of debt, but this provision of the statute has no reference to the venue of such action, and cannot be regarded as in conflict with section 4673, which provides that to recover a statutory penalty the action must be brought in the county where the cause of action or some part thereof arose. In an action to recover a statutory penalty, it is where the act which violated the statute was done. 40 Cyc. p. 83."

Plaintiff cites certain cases from Arkansas. We do not consider such cases applicable. The Arkansas Court held that the statute providing that "an action for the recovery of a fine, penalty or forfeiture imposed by statute must be brought in the county where the cause, or some part thereof, arose" applied "only to penal actions instituted by the State for the benefit of the public and not to private actions against a wrongdoer".

In the cases of Norman v. Campbell, supra, and Thorne v. Milliken, supra, we held that individuals could bring an action under 12 O.S.1961 § 133 which statute is similar to the Arkansas statute.

We consider 79 O.S.1961 § 25 to be no different from 15 O.S.1961 § 267 (the usury statute) in that both provide for the recovery of a penalty under certain circumstances. Following the reasoning and our holding that 12 O.S.1961 § 133 is applicable to actions brought under section 267, supra, we determine that the venue of actions based on 79 O.S.1961 § 25 is fixed by 12 O.S.1961 § 133. We, therefore, hold that the Superior Court of Creek County (Drumright Division) does not have venue and is without jurisdiction in the case there pending with which we are here concerned.

 In the case of Atchison, Topeka & Santa Fe Ry. Co. v. Superior Court, Okl., 368 P.2d 475, 484, we said:

"In City of Cleveland v. Cheatham, (Okl.), 285 P.2d 205, we held:

" 'Prohibition is a proper remedy to prevent a court from trying a case of which it lacks jurisdiction because venue is in another county.' See also State ex rel. Hunter v. Duncan (Okl.), 288 P.2d 388".

Writ granted.

HALLEY, V. C. J., and DAVISON, JOHNSON and BERRY, JJ., concur.

BLACKBIRD, C. J., and JACKSON and IRWIN, JJ., dissent.

Rehearing denied; BLACKBIRD, C. J., and IRWIN, J., dissenting.