**TULSA READY–MIX CONCRETE COMPANY, a corporation, Petitioner,**

v.

**McMICHAEL CONCRETE CO., a corporation, et al., Respondents.**

**No. 44185.**

Supreme Court of Oklahoma.

April 4, 1972.

Gable, Gotwals, Hays, Rubin & Fox, Tulsa, for petitioner.

Boesche, McDermott & Eskridge, Tulsa, for respondents.

WILLIAMS, Justice:

This is an original proceeding by writ of certiorari for the review of a certified interlocutory order pursuant to 12 O.S. 1969 Supp. (now 1971), § 952(b) (3).

Petitioner, hereinafter designated as plaintiff as in the trial court, filed an action under the anti-trust statutes, 79 O.S. 1961, (now 1971) § 1 et seq., and prayed for treble damages under 79 O.S.1961 (now 1971) § 25. That section provides as follows:

> "Any person, firm, corporation or association, who shall be injured in his business or property by any other person, firm, corporation or association, by reason of anything forbidden, or declared to be unlawful by this chapter, may sue therefor in the courts of this state, and shall recover threefold the damages by him sustained, and the cost of suit and a reasonable attorney's fee to be fixed by the court."

On motion of plaintiff, filed after defendants had raised limitations questions in their answers, the trial court determined that § 25 is "a statute for penalty or forfeiture" under 12 O.S.1971, § 95 (Fourth), and therefore subject to the one-year limitation prescribed therein. This is the interlocutory order certified for review. Under the pleadings, a substantial portion of the damages allegedly arose more than one year prior to the time suit was filed. It should be noted that the cause of action arose, and suit was filed, before our Legislature in 1971 enacted a four-year special limitation statute for actions brought under § 25. See 79 O.S. 1971, § 25.

It is said that the word "penalty" has many different shades of meaning and when employed without any qualification, express or implied, is calculated to mislead, because it is capable of being construed to extend to all penalties, whether exigible (demandable) by the state in the interest

of the community, or by private persons in their own interests. 36 Am.Jur.2d Forfeitures and Penalties, § 2.

In civil actions, the question of whether a particular statute is penal in nature arises in a variety of circumstances. Under the general rule that a penal statute will not be recognized or enforced in a jurisdiction other than that in which it was enacted, this question frequently determines whether a particular liability incurred under the statutes of one state, or judgment based thereon, will be enforced in the courts of another; Huntington v. Attrill, 146 U.S. 657, 13 S.Ct. 224, 36 L.Ed. 1123; Gardner v. Rumsey, 81 Okl. 20, 196 P. 941. This question frequently determines venue questions (Carnation Co. of Oklahoma v. Superior Court Okl., 392 P.2d 490) and limitations questions (Smith v. Colson, 31 Okl. 703, 123 P. 149). It is often a bone of contention in actions brought under statutes arbitrarily imposing liability (Gardner v. Rumsey, supra) and under statutes imposing double (Cummings v. Board of Education, 190 Okl. 533, 125 P.2d 989) and treble damages (Carnation Co. of Oklahoma v. Superior Court, supra).

Because of the varying contexts in which the question arises, and the different shades of meaning attributed to the words "penal" or "penalty", it is difficult to reconcile the pronouncements in the cases as to whether a particular statute is, or is not, penal in nature.

As early as 1912, this Court, in Smith v. Colson, 31 Okl. 703, 123 P. 149, recognized that the mere fact that a statute might be, in some aspects, penal, did not necessarily render it a penal statute within the meaning of an Indian Territory statute prescribing a two year limitation for "actions upon penal statutes." Plaintiff in that case sued under §§ 3056 and 3057, Indian Territory Statutes (§ 4746 Mansf. Dig.), which provided in effect that a mortgagee who, having received full satisfaction of the debt secured by the mortgage, refused after proper request to "ac-

knowledge satisfaction thereof on the margin of the record," should "forfeit to the party aggrieved any sum not exceeding the amount of the mortgage money." After quoting from Nebraska Nat. Bank v. Walsh, 68 Ark. 433, 59 S.W. 952, 82 Am. St.Rep. 301, this Court said:

"Tested by the rule of the Arkansas case, this statute is not a penal statute. It is not a statute imposing a pecuniary mulct, for violation of which a pardon may be granted, or for which the government alone, or its designated agent, or the common informer, may bring an action; but, on the other hand, it creates a private right for the benefit of private persons, who alone may enforce the remedy. No one but some party aggrieved can maintain an action to recover the sum the mortgagee forfeits by reason of his violation of the statute. * * * "

This Court then quoted the following definition from Words and Phrases, First Edition, page 5269:

"'Penal laws', strictly and properly, are those imposing punishment for an offense committed against the state, and which, by the English and American Constitutions, the executive of the state has the power to pardon. Statutes giving a private right of action against a wrongdoer are sometimes spoken of as penal in their nature; but in such cases neither the liability imposed, nor the remedy given, is strictly penal."

In *Smith*, this Court also cited Huntington v. Attrill, 146 U.S. 657, 13 S.Ct. 224, 36 L.Ed. 1123, in support of its conclusions on the penal statute question.

In *Huntington*, the plaintiff sued, in Maryland, upon a judgment he had recovered in New York under a New York statute arbitrarily imposing liability for a corporation's debts upon its officers who had filed for public record an affidavit falsely stating that all of the corporation's capital stock had been paid in.

The Court of Appeals of Maryland held in effect that the New York judgment

could not be enforced in Maryland courts because it was based upon a penal statute, under the so-called international law rule that the penal statutes of one state will not be enforced in another. On appeal this holding was reversed and the United State Supreme Court stated the rule as follows:

"The question whether a statute of one state, which in some aspects may be called penal, is a penal law, in the international sense, so that it cannot be enforced in the courts of another state, depends upon the question whether its purpose is to punish an offense against the public justice of the state, or to afford a private remedy to a person injured by the wrongful act."

Singularly, the same New York judgment which was the basis of the Maryland action in *Huntington*, was also sued on in the courts of Ontario. (Some of the defendants lived in Canada). The Ontario court in effect refused to enforce the New York judgment because it was based, in the opinion of that court, upon a penal statute. Huntington v. Attrill, 17 Ont.App. 245, 18 Ont.App. 136. Appeal was taken to the Privy Council of England which reversed the judgment, using the following language:

" * * * Being of the opinion that the present action is not, in the sense of international law, penal, or, in other words, an action on behalf of the government or community of the state of New York for punishment of an offense against their municipal laws, their lordships will humbly advise her Majesty to reverse the judgments appealed from, and to give decree in favor of the appellant."

See Huntington v. Attrill, A.C. (Eng.) 150, 62 L.J.P.C.N.S. 44, 68 L.T.N.S. 326, 41 Week.Rep. 575, 57 J.P. 404.

The decision of the Privy Council was cited by the United States Supreme Court in support of its own conclusions in *Huntington*. On the so-called international law question concerned, it is said that the holding in *Huntington* still represents the weight of authority; Jackson v. Joyner, 12 Utah 2d 410, 367 P.2d 452, 454.

We think the test applied in *Huntington* in determining whether the statute there concerned was penal in nature, and followed by this Court in *Smith* in determining a limitations question, is the proper one, and must govern our decision in this case.

It is true, as pointed out by respondents, that this Court has not always followed that test in determining similar questions. In Carnation Co. of Oklahoma v. Superior Court, Okl., 392 P.2d 490 (relied on by the trial judge in this case), in determining a venue question, we held that the section of the statute involved in this case, 79 O.S.1971, § 25, was penal in nature. We have examined or files in *Carnation*, and find that the Huntington case was not cited or relied on in the briefs. In *Carnation*, we said that we considered § 25 to be "no different from 15 O.S.1961 § 267 (the usury statute) in that both provide for the recovery of a penalty under certain circumstances." In this connection it is to be remembered that the usury statute in effect provided for "double damages". It provided that a person required to pay more interest than the maximum then permitted by contract pursuant to the section preceding it (§ 266) (10% per annum) could "recover from the person, firm or corporation taking or receiving the same *in an action in the nature of an action of debt twice the amount of the entire interest paid*", or could plead same as a set-off or counterclaim if sued on the note or other evidence of indebtedness. However, the section (§ 267) went further; it specifically stated that the taking or receiving of a greater rate of interest (than 10% per annum) "shall be deemed a *forfeiture* of twice the amount of interest" provided for in the note or other evidence of indebtedness. Also it is to be emphasized that the section next following the usury statute (§ 268) provided that "in all cases where an action is brought by any

person to recover the *penalty* prescribed by [§ 267] the prevailing party" shall be awarded a reasonable attorney's fee. (Emphasis added). In each of the cases of Thorne v. Milliken, 57 Okl. 735, 157 P. 914, 915 (1916) and Norman v. Campbell, 188 Okl. 328, 108 P.2d 789 (1940), referred to in *Carnation*, the actions were described as being for *penalty*. In each such case, a principal question was as to the identity of the county in the courts of which *venue* would lie. The usury statute during the time of its existence always has carried its own individual statute of limitation (2 years). See S.L.1910 Chap. 119, p. 253 § 2; R.L.1910 § 1005 and 1916 amendments. (S.L.1916 Chap. 20, § 1, p. 24; Section 267, supra, was repealed in 1969, S.L.1969, Chap. 352, § 9–102, p. 607).

The question for determination in *Carnation* was one of *venue* and this Court determined therein that for *that purpose* an action under 79 O.S.1961 § 25, supra, would be considered comparable to those involved in *Thorne* and *Norman*, supra.

There is no language in § 25, supra, referring either to forfeiture or penalty. *Thorne* and *Norman*, then, are distinguishable on the facts.

In Gardner v. Rumsey, 81 Okl. 20, 196 P. 941, we held in effect that an Arkansas statute very similar to the New York statute involved in *Huntington* was penal in nature and would not be enforced in Oklahoma. We note that in *Gardner* only four justices concurred fully in the opinion of the court, with Justice Miller concurring in the conclusion but not reaching the penal statute question.

Since the treble damages imposed by 79 O.S.1961 (now 1971) § 25, may not be recovered in an action brought by "the government alone or its designated agent, or the common informer," but only in an action "for the benefit of private persons, who alone can enforce the remedy," we hold that § 25 is not a "statute for penalty or forfeiture" within the meaning of 12 O.S.1961 (now 1971) § 95 (Fourth).

To the extent that they may be said to be in conflict herewith, our prior holdings in *Gardner* and *Carnation*, supra, are hereby specifically overruled.

Since the state is not a party to this action, no questions are presented as to whether the state, when suing in its sovereign, as opposed to its proprietary, capacity, is subject to statutes of limitation.

The interlocutory order certified for review is therefore vacated, and the cause is remanded to the trial court for further proceedings not inconsistent herewith.

DAVISON, V. C. J., and HODGES, LAVENDER, McINERNEY and BARNES, JJ., concur.

IRWIN, J., concurs in result.

BERRY, C. J., dissents.