UNIVERSITY FACILITIES — INITIATIVE PETITIONS The practice of setting up booths in the Oklahoma State University Student Union Building to solicit signatures on initiative petitions is not expressly prohibited by statute or constitutional provisions, although the Board of Regents for Agricultural and Mechanical Colleges is authorized to promulgate reasonable rules and regulations governing the use of university facilities. A university official who authorizes or permits such activity does not violate 26 O.S. 501 [26-501] (1971), which makes unlawful the expenditure of public funds in support of or in opposition to any measure under initiative or referendum petition, unless there is an actual disbursement or spending of money. The Attorney General has considered your opinion request wherein you relate the following fact situation and ask two questions: "From time to time on the campus of Oklahoma State University, booths are set up in the Student Union soliciting signatures on initiative petitions covering various subjects. "Regarding this matter, we respectfully request an Attorney General's Opinion on the following questions: "1. Is the above described activity prohibited by any State Statute or Constitutional provision? "2. Are University officials who authorize or permit such activity violating the provisions of Section 501, Title 26 of the 1971 Oklahoma Statutes?" The activity referred to in your letter is not expressly prohibited by any statute or constitutional provision. However, 70 O.S. 3412 [70-3412] (1971) provides that: "The Board of Regents for Oklahoma Agriculture and Mechanical Colleges shall have the supervision, management and control of Oklahoma State University . . . and shall . . . adopt such rules and regulations as it deems necessary to govern each of the institutions under its jurisdiction." And 21 O.S. 1326 [21-1326] (1971) provides: "The legislature of the State of Oklahoma recognizes that the board of regents of all institutions of higher learning in the State of Oklahoma . . . have the present constitutional power to issue rules, regulations and directives as regards who will, or will not, and under what format and conditions, be allowed to make use of the facilities under their constitutional or statutory jurisdiction." These two statutes indicate that it is the intent of the Legislature to authorize the Board of Regents for Oklahoma Agricultural and Mechanical Colleges to make any reasonable rules and regulations they deem necessary to govern the use of Oklahoma State University buildings. Any such rules or regulations governing the use of university facilities for the solicitation of signatures on initiative petitions should be carefully drawn, however, so as not to impinge on the First Amendment rights of students. Regarding your second question, 26 O.S. 501 [26-501] (1971) provides: "Expenditure of public funds — Penalty. — Any official in this state who shall direct, authorize or permit the expenditure of any public funds under his care, except as specifically authorized by law, to be used either in support of, or in opposition to, any measure which is being referred to a vote of the people by means of the initiative or the referendum, or which citizens of this state are attempting to have referred to a vote of the people by the initiative or the referendum, shall be guilty of a misdemeanor and, upon conviction shall be fined not less than one hundred nor more than five hundred dollars, and the office held by such party shall be adjudged vacant, and shall be filled in the manner provided by law." (Emphasis added) This statute prohibits only the expenditure of public funds in relation to an initiative or referendum petition. Since Section 501 imposes punishment for an offense against the State it is a penal statute, and must be strictly construed and not extended beyond its ordinary and usual meaning by implication or inference. Smith v. Colson,31 Okl. 703, 123 P. 149 (1912), Ritchie v. Raines, Okl. Cr.,374 P.2d 772 (1962). "Expenditure" is normally defined as an actual disbursement or spending of money. Crow v. Board of Sup'rs. of County of Stanislaus, 135 Cal.App. 451,27 P.2d 655 (1933). Merely allowing a booth in the Student Union would not be an "expenditure of public funds" as contemplated by Section 501. It is, therefore, the opinion of the Attorney General that your questions be answered as follows. The practice of setting up booths in the Oklahoma State University Student Union Building to solicit signatures on initiative petitions is not expressly prohibited by statute or constitutional provision, although the Board of Regents for Agricultural and Mechanical Colleges is authorized to promulgate reasonable rules and regulations governing the use of university facilities. A university official who authorizes or permits such activity does not violate 26 O.S. 501 [26-501] (1971), which makes unlawful the expenditure of public funds in support of or in opposition to any measure under initiative or referendum petition, unless there is an actual disbursement or spending of money. (Daniel J. Gamino)