2001 OK 10

**J. Byron SUDBURY, Plaintiff/Petitioner,**

Cynthia Braden, Jeff Sharp, Debbie Sharp, Plaintiffs,

v.

**James Lewis DETERDING, an individual, d/b/a Deterding Aerial Spraying, James Rowe O'Grady, and RLI Insurance Company, Defendants/Respondents.**

No. 92,747.

Supreme Court of Oklahoma.

Jan. 30, 2001.

Jack L. Shears, Shears & Shears, Chiles T. Townsend, Ponca City, OK, for Plaintiff/Petitioner.

Kenneth A. Brokaw, Day, Edwards, Federman, Propester & Christensen, P.C., Oklahoma City, OK, for Defendants/Respondents.

WINCHESTER, J.

¶ 1 The petitioner filed his petition against the respondents on May 15, 1996. He alleged that aerial overspraying of ultrahazardous chemicals by the respondents caused injury to his timber, and he sought treble damages pursuant to title 23, § 72. The date of the alleged injury was between May 16 and May 25, 1994.

¶ 2 The respondents filed a motion for summary judgment alleging that the statute of limitations ran on the treble damages claim because the action was not filed within one year from the date of the occurrence. The district court granted the motion, finding the provisions of 12 O.S.Supp.1995, § 95(Fourth) applied because the provisions of 23 O.S.1991, § 72 allowing treble damages constituted a penalty, which was controlled by the one year limitations period. The district court further found that the 1995 amendment to title 23, § 72, which increased the damages recoverable to not less than three times nor more than ten times the actual detriment, was not applicable to the case because the cause of action arose before the effective date of the amended statute. The district court entered an order certifying its findings and requesting immediate review pursuant to 12 O.S.1991, § 952(b)(3). This Court granted certiorari.

¶ 3 Two issues are presented: 1) whether the provisions of 23 O.S.1991, § 72, which treble the damages for wrongful injury to timber, constitute a penalty so that a lawsuit must be filed within the one year statute of limitations pursuant to title 12, § 95 (Fourth), and 2) whether the 1995 amendment to title 23, § 72, which increases damages to not less than three times nor more than ten times the actual damages, can be retroactively applied to the case. We hold that the treble damages do not constitute a penalty so that the one year statute of limitations is inapplicable. We additionally hold that the 1995 amendment to title 23, § 72 is not retroactive.

¶ 4 **I. THE PROVISION FOR TREBLE DAMAGES IN 23 O.S.1991, § 72 DOES NOT CONSTITUTE A PENALTY AND THEREFORE THE ONE YEAR STATUTE OF LIMITATIONS FOUND IN TITLE 12, § 95(FOURTH) DOES NOT APPLY.**

¶ 5 Title 12, § 95 was included in the Revised Laws of Oklahoma, 1910, as § 4657. The paragraph "Fourth" remained essentially the same from that time to the present. In May 1994, the month of the damage alleged, the pertinent portions of § 95(Fourth) provided:

"Civil actions other than for the recovery of real property can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:

* * *

"Fourth. Within one (1) year: An action for libel, slander, assault, battery, malicious prosecution, or false imprisonment; an action upon a statute for penalty or forfeiture, except where the statute imposing it prescribes a different limitation...."

1992 Okla.Sess.Laws, ch. 344, § 1.

Title 23 O.S.1991, § 72 provided:

"For wrongful injuries to timber, trees or underwood upon the land of another, or removal thereof, the measure of damages is three times such a sum as would compensate for the actual detriment, except where the trespass was casual and involuntary, or committed under the belief that the land belonged to the trespasser, or where the wood was taken by the authority of highway officers for the purposes of a highway, in which case the damages are a sum equal to the actual detriment."

¶ 6 The respondents argue that § 72 provides for a penalty, and that a civil action brought pursuant to this statute must be commenced within one year, as provided by title 12, § 95(Fourth) as that statute provided in May 1994. As authority, the respondents cite *Sullivan v. Davis,* 29 Kan. 28, 1882 WL 967.

¶ 7 *Sullivan* is a Kansas Supreme Court decision before Oklahoma statehood that construes identical statutory provisions as those before us in the case at bar. In *Sullivan,* the plaintiffs sued to recover treble damages pursuant to a Kansas statute, for cutting and carrying away timber from real estate belonging to the plaintiffs. The defendants raised the statute of limitations as a defense to the treble damages. They contended that the action for treble damages was for a penalty, which the Kansas Code of Civil Procedure provided must be commenced within one year. A unanimous Kansas Supreme Court agreed. It held that an action under the treble damages statute is an action for a penalty. The court reasoned that the general rule with respect to all torts is that only compensation is recoverable, and that where more than actual compensation is sought, it is by virtue of some express statute, and the excess is given in the way of penalty. *Sullivan,* 29 Kan. 28, 1882 WL 967, *4.

■ ¶ 8 The Code of Civil Procedure, title 12, was adopted from Kansas.[1] The general rule is that when a statute has been adopted from another state, the judicial construction of that statute by the highest court of the jurisdiction from which the statute is taken accompanies it, and is treated as incorporated. *Harness v. Myers,* 143 Okla. 147, 288 P. 285, 288 (1930). In *Brook v. James A. Cullimore & Co.,* 1967 OK 251, ¶ 5, 436 P.2d 32, 34, the construction of 12 O.S.1961, § 1580 was at issue. As part of the Code of Civil Procedure, that statute was adopted from the Kansas statutes. After recognizing the general rule cited above, this Court held that it would follow the cited pronouncements of the Kansas Supreme Court, which before Oklahoma statehood had construed statutory provisions identical to the statute at issue in *Brook.*

¶ 9 In *Gardner v. Rumsey,* 81 Okla. 20, 196 P. 941 (1921), this Court used the same rationale as that used in *Sullivan* to determine that an Arkansas statute was penal in nature and would not be enforced in Oklahoma. While acknowledging that quite an array of respectable authorities held similar statutes were not penal but remedial, the Court in *Gardner* disagreed. It made the following observations. "Everything awarded in excess of the actual injury caused is for the purpose of punishment. The purpose of liability in excess of actual compensation is by means of the penalty, to deter the wrongdoer from perpetrating the wrong, and this is the object of all punishment." *Gardner,* 196 P. at 945. *Gardner* subsequently was overruled by *Tulsa Ready–Mix Concrete Co. v. McMichael Concrete Co.,* 1972 OK 53, 495 P.2d 1279, which is discussed below.

¶ 10 *Sullivan* manifests the judicial construction of the highest court of the jurisdiction from which title 12, § 95 was taken, and *Sullivan* was decided before Oklahoma statehood. The presumption, in the absence of an expression of legislative intention to the contrary, is that the law was enacted in the light of the construction given it by the courts of the state from which the statute was taken. *Harness,* 288 P. at 288. The fact that *Sullivan* is an identical case decided before Oklahoma statehood construing Kansas' version of title 12, § 95(Fourth), should normally decide the matter, given our previous acceptance of the rules of construction of statutes adopted from other states, and our own Oklahoma Supreme Court cases cited above.

¶ 11 Not only has quite an array of respectable authorities held that similar statutes were not penal but remedial, as observed in *Gardner,* but Oklahoma cases also have not given a clear signal concerning the construction of § 95(Fourth). *Smith v. Colson,* 31 Okla. 703, 123 P. 149 (1912) and *Tulsa Ready–Mix Concrete Co.,* both support the view that treble damages for injury to

---

1. *Horath v. Pierce,* 1973 OK 6, ¶ 13, 506 P.2d 548, 551. Title 12, § 95, was taken from Gen.St. Kan.1889, par. 1095.

trees do not constitute a penalty subject to a one year statute of limitation.

¶ 12 In the *Smith* case, the plaintiff sued the defendant for failure to satisfy a mortgage record. The only issue addressed in *Smith* is whether the plaintiff's action was barred by the statute of limitation for penal statutes found in the law for Indian Territory. That statute was not taken from Kansas, and is not the same as the statute before us today. The *Smith* case is important for its discussion of what constitutes a penal statute. The *Smith* case held that penal laws, strictly and properly, are those imposing punishment for an offense committed against the state, for which the executive of the state has the power to pardon. A statute creating a private right for the benefit of private persons, who alone may enforce the remedy, is not a penal statute. *Smith,* 123 P. at 151.

¶ 13 This Court in *Tulsa Ready–Mix Concrete,* 1972 OK 53, ¶ 6, 495 P.2d at 1281, acknowledged that reconciling the pronouncements in the various cases concerning the different shades of meaning attributed to the words "penal" and "penalty" was difficult. In that case the Court construed 79 O.S.1961, § 25, which provided for treble damages in Oklahoma's anti-trust statutes, as not "a statute for penalty or forfeiture." Therefore, the Court held that 12 O.S.1971, § 95(Fourth) did not apply. The Court cited as support the *Smith* case, and *Huntington v. Attrill,* 146 U.S. 657, 13 S.Ct. 224, 36 L.Ed. 1123 (1892). The reasoning in those two cases had been expressly rejected in *Gardner,* 196 P. at 944–945.

¶ 14 *Tulsa Ready–Mix Concrete* was, like the case at bar, a review of a certified interlocutory order. The petitioner had filed an action under the anti-trust statutes, and asked for treble damages pursuant to the statute. The respondents had raised the one year statute of limitations, 12 O.S.1971, § 95(Fourth), as a defense. The pleadings indicated that a substantial portion of the damages arose more than one year prior to the time suit was filed. The issue was whether the treble damages statute provided for a penalty or forfeiture thereby barring recovery of treble damages. The Court held that § 25·was not a "statute for penalty or forfei-

ture" within the meaning of 12 O.S.1961, § 95 (Fourth). Following the *Huntington* and *Smith* cases, the Court reasoned that the mere fact a statute might be penal in some aspects, did not necessarily render it a penal statute within the meaning of a statute of limitation that placed a limit on the time within which an action for a penalty must be brought. Whether or not it was penal in that sense depended upon whether the statute's purpose was to punish an offense against the public justice of the state, or to afford a private remedy to a person injured by the wrongful act.

¶ 15 Under the rule that we will follow the pre-adoption construction of a statute by the highest court of the state where the statute originated, we would find the treble damages remedy in the instant case is barred by the one-year statute of limitations found in title 12, § 95(Fourth). But the *Tulsa Ready–Mix Concrete* case did not look to the decisions of the Supreme Court of Kansas, but instead looked to the decision of the United States Supreme Court and the earlier *Smith* case. Under the *Tulsa Ready–Mix Concrete* case, whether or not a statute is penal for the purposes of title 12, § 95(Fourth), depends upon whether that statute's purpose is to punish a public offense or provide a private remedy, overruling *Gardner. Tulsa Ready–Mix Concrete,* 1972 OK 53, ¶ 20, 495 P.2d at 1283.

¶ 16 *Tulsa Ready–Mix Concrete* has decided the same issue as that before us, and has been the law since 1972. "Legislative familiarity with extant judicial construction of statutes is presumed." *Special Indemnity Fund v. Figgins,* 1992 OK 59, ¶ 8, 831 P.2d 1379, 1382. Since 1972, title 12, § 95 has been amended three times. 1992 Okla.Sess.Laws, ch. 344, § 1, 1994 Okla.Sess.Laws, ch. 356, § 11, 1996 Okla.Sess.Laws, ch. 233, § 1. When a statute that has been previously construed by a court of last resort is reenacted in the same or substantially the same terms, the legislature is presumed to have been familiar with its construction, and to have adopted such construction as an integral part of the statute. *Special Indemnity Fund v. Bedford,* 1993 OK 60, ¶ 8, 852 P.2d 150, 154. In the three amendments to § 95,

no changes were made to the wording of subsection Fourth. Only the word "Fourth" was changed to the numeral "4." Based on the above rules of statutory construction, the legislature is presumed to have adopted the construction of § 95 found in *Tulsa Ready–Mix Concrete*. Accordingly, we hold that the provision for treble damages in 23 O.S.1991, § 72 does not constitute a penalty and therefore the one year statute of limitations found in title 12, § 95(fourth) does not apply.

**¶17 II. THE 1995 AMENDMENT TO TITLE 23, § 72 IS NOT RETROACTIVE.**

■ ¶18 The petitioner argues that the 1995 amendment to title 23, § 72,[2] which increased the measure of damages to not less than three times nor more than ten times the actual detriment is remedial and should be given retrospective application. The petitioner cites *McCormack v. Town of Granite*, 1996 OK 19, 913 P.2d 282 to support his assertion. An examination of that case reveals the procedure for requesting an award of appeal-related attorney fees had changed. The change did not affect whether or not attorney fees could be awarded, but changed the time frame in which to ask for them. The Court allowed the new procedure retrospective effect, and cited the rule that statutes operate prospectively unless the legislature clearly expresses a contrary intent, except that remedial or procedural statutes may operate retrospectively. *McCormack*, 1996 OK 19, ¶8, 913 P.2d at 285.

■ ¶19 Remedial or procedural statutes may operate retrospectively only where they do not create, enlarge, diminish or destroy vested rights. A substantive change that alters the rights or obligations of a party cannot be viewed as solely a remedial or procedural change and cannot be retrospec-

tively applied. *Welch v. Armer*, 1989 OK 117, ¶¶27–28, 776 P.2d 847, 850. Because amended title 23, § 72 increases the potential damages from three times the actual damages to include up to ten times the actual damages, the amendment cannot be viewed as merely a remedial or procedural change. The statute alters the liability of a defendant making the wrong potentially more costly. In addition, nothing in the statute reveals a legislative intent that it be retroactive. Accordingly, we hold that the 1995 amendment to title 23, § 72 is not retroactive.

¶20 THE TRIAL COURT'S JUDGMENT IS REVERSED; THE CAUSE IS REMANDED FOR FURTHER PROCEEDINGS.

¶21 HARGRAVE, C.J.; WATT, V.C.J.; LAVENDER, KAUGER, WINCHESTER, JJ., concur.

¶22 BOUDREAU, J., concurs in Part I; concurs in Part II Except the Attorney Fees.

¶23 OPALA, SUMMERS, JJ., dissents from Part I; concurs in Part II.

2. Title 23 O.S.Supp.2000, § 72 provides:

"A. For wrongful injuries to timber upon the land of another, or removal thereof, the measure of damages is not less than three (3) times nor more than ten (10) times such a sum as would compensate for the actual detriment, unless:
  "1. The trespass was casual and involuntary;
  "2. Committed under the belief that the timber or land belonged to the trespasser; or

"3. The timber was taken by the authority of highway officers for the purposes of a highway, in which case the damages are a sum equal to the actual detriment.
"B. The prevailing party shall be entitled to costs and attorneys fees.
"C. For purposes of this section, the term 'timber' shall be defined as the term is defined by Section 1301–102 of Title 2 of the Oklahoma Statutes."