2000  OK CIV APP  79

**In re Petition of Betty LUCAS for Judicial Review relative to her Termination by Oklahoma Department of Human Services, requesting review of decision rendered by the Oklahoma Merit Protection Commission,**

**Betty Lucas, Plaintiff/Appellee,**

**v.**

**State of Oklahoma ex rel. Oklahoma Department of Human Services, Defendant/Appellant.**

**No. 91,901.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Oct. 22, 1999.

Certiorari Denied June 15, 2000.

Roy Dickinson, Norman, Oklahoma, for Appellee.

Charles L. Waters, General Counsel, Charles M. Jackson, Department of Human Services, Oklahoma City, Oklahoma, for Appellant.

## OPINION

CARL B. JONES, Chief Judge:

¶ 1 Appellee Betty Lucas (employee) was a classified employee with the Department of Human Services (DHS) and sustained an on-the-job-injury on June 12, 1990. The employee was on continuous leave without pay from DHS from June 12, 1993 until July 29, 1996 when DHS terminated the employee due to the employee's inability to return to work after a continuous period of one year of leave without pay pursuant to 74 O.S. Supp. 1994 840–2.21(D). The parties have stipulated to the following facts throughout all the various tribunals in this matter. Prior to her termination, the employee was adjudicated 25% permanently partially disabled on De-cember 21, 1995. On April 23, 1996, the employee filed a motion to reopen the workers' compensation case due to a change of condition for the worse. Counsel agreed that they would be bound by the findings of the employee's neurosurgeon. The neurosurgeon issued his report on June 4, 1996, finding that the employee was temporarily totally disabled from a change of condition for the worse. The employee filed a request for leave without pay on May 16, 1996. DHS did not act upon the employee's request for leave and terminated her on July 29, 1996, for failure to report for duty.

¶ 2 The employee appealed to the Merit Protection Commission. Her appeal was heard by an administrative hearing officer who upheld the DHS decision to discharge Lucas. The administrative hearing officer found that 74 O.S. Supp.1994 840–2.21 controlled over 85 O.S. Supp.1994 5 and permitted the employee's discharge. On December 24, 1996, the employee began an action for judicial review in the district court pursuant to 75 O.S. Supp.1992 318. The trial court reversed the administrative law judge finding that the employee was unlawfully terminated, entitled to a second period of disability under § 840–2.21, and awarded back pay, costs and attorney fees to the employee. DHS appeals. We note that DHS did not address the issue of the award of back pay in its brief and we will not address that matter on appeal. *DLB Energy Corp. v. Oklahoma Corp. Comm.,* 1991 OK 5, ¶ 5, 805 P.2d 657, 659.

¶ 3 On appeal, DHS argues three propositions of error: 1) the trial court erred in determining that 74 O.S. Supp.1994 804–2.21 and 85 O.S. Supp.1994 5 prohibit the employee's discharge; 2) the trial court erred in determining that the employee was entitled to a second period of disability; and 3) the trial court erred in awarding attorney fees and costs to the employee.

¶ 4 On appeal, the district court and this Court apply the same standard when reviewing an administrative record. An order of an administrative agency may not be disturbed on appeal unless erroneous under 75 O.S.1991 322.

¶5 DHS contends that 85 O.S. Supp.1994 5 does not prevent the State of Oklahoma from discharging an employee pursuant to 74 O.S. Supp.1994 840–2.21(D), even if that employee is on temporary total disability at the time of her discharge. This issue requires this Court to construe both statutes in deciding this issue. The basic rule of statutory construction is to discover the intent of the Legislature and if possible construe the statutes to render them consistent. *State ex rel. Porter v. Ferrell,* 1998 OK 41, ¶ 6, 959 P.2d 576–77. Title 74 O.S. Supp. 1994 840–2.21 provides in pertinent part:

"A. If a state employee, ... is absent because of an illness or injury arising out of and sustained in the course of his or her employment with the state, and for which workers' compensation benefits have been filed, the employing agency shall place the employee on leave without pay if the employee so requests; ...

D. An employee on leave without pay pursuant to the provisions of this section shall have the right to be returned to his or her original position in accordance with rules promulgated by the Office of Personnel Management.... The right to return to the original position shall expire one (1) year from the date of the start of leave without pay. If the employee has not returned to the original position of the employee or some other position within the agency within one (1) year from the date of the start of leave without pay, the employee may be separated in accordance with the Oklahoma Personnel Act and rules of the Office of Personnel Management."

Title 85 O.S. Supp.1994 5(A)(2) provides:

"A. ... 2. No person, firm, partnership or corporation may discharge an employee during a period of temporary total disability solely on the basis of absence from work."

Title 74 O.S. Supp.1994 804–2.21 clearly provides that after a worker's compensation claim has been filed an employee may request a leave of absence of one year without pay and upon expiration of that year the employee must return to work or be terminated. Title 85 O.S. Supp.1994 5 prevents termination of an employee *during a period of temporary total disability.* Neither of these two statutes references each other, however, the Merit Protection Rule 530:10–15–49 interpreting § 804–2.21 expressly states in pertinent part:

"(a) Purpose. The Purpose of this section is to interpret Section 840–2.21 of Title 74 of the Oklahoma Statutes (Section 840–2.21). . . . .

(j)(3) If Section 5(A)(2) of Title 85 of the Oklahoma Statutes prevents the Appointing Authority from terminating the employee, the Appointing Authority shall place the employee on leave without pay according to that law. The rights and benefits of this Section and Section 840–2.21 shall no longer apply."

This interpretation is further supported by *Gunn v. Consolidated Rural Water & Sewer,* 1992 OK 131, 839 P.2d 1345, in which the Oklahoma Supreme Court determined that the provisions of § 5 apply to governmental employees.

¶6 In determining whether § 5 applies here, we requested the parties to file additional briefs on whether the lack of an *adjudication* of a period of *temporary total* disability affected the applicability of § 5. Both parties responded that even without an adjudication, the physician's report conclusively established by stipulation that Lucas was temporarily totally disabled at the time of her termination for the purpose of this appeal. If an administrative rule is clear and unambiguous, there is no need to resort to rules of construction to comprehend its meaning. *Coppola v. Fulton,* 809 P.2d 1291, 1296. The clear language of Merit Protection Rule 530:10–15–49 provides that if § 5 applies then the rights and benefits of § 804–2.21 are no longer applicable. We find that the provisions of § 5 are applicable here and that the employee could not be terminated during her period of temporary total disability.

¶7 The second proposition of error is whether 74 O.S. Supp.1994 840–2.21 allows an employee to have a second entitlement of leave without pay due to a worsening of condition. As discussed above and pursuant to the Merit Protection Rule 530:10–15–49,

when § 5 is applicable, the rights and benefits enunciated in § 804–2.21 are no longer applicable. The trial court erred in granting the employee a second term of leave without pay.

¶ 8 The final proposition of error is the trial court's award of attorney fees and costs to the employee. Title 75 O.S. Supp. 1992 318 allows attorney fees if the trial court determines that the proceeding to review brought by the agency was frivolous. In this instance, the proceeding to review was brought by the aggrieved party, the employee, and not the agency. The trial court erred in finding that attorney's fees and costs should be awarded to the employee.

¶ 9 AFFIRMED IN PART AND REVERSED IN PART.

¶ 10 HANSEN, P.J., and ADAMS, J., concur.