2007 OK CIV APP 71

**Cathy BURCH, Respondent/Appellee,**

v.

**STATE of Oklahoma, ex rel., OKLAHOMA DEPARTMENT OF HUMAN SERVICES, Petitioner/Appellant.**

**No. 103,131.**

Court of Civil Appeals of Oklahoma, Division No. 3.

May 11, 2007.

Rehearing Denied July 10, 2007.

---

John Sprowls, John Sprowls Attorney at Law, Pauls Valley, OK, for Respondent/Appellee.

John E. Douglas, Oklahoma Department of Human Services, Oklahoma City, OK, for Petitioner/Appellant.

BAY MITCHELL, Vice–Chief Judge.

¶ 1 Oklahoma Department of Human Services (DHS) appeals from a ruling of the Garvin County District Court. The court reversed an order of the Oklahoma Merit Protection Commission, which had upheld the termination of DHS employee, Cathy Burch. The court determined an amendment to the Oklahoma Personnel Act, 74 O.S. Supp.2002 § 840–2.21(D), effective November 1, 2002, could not apply retroactively to allow Burch's termination while she was on temporary total disability (TTD).[1] The court found the termination was prevented by 85 O.S. 2001 § 5 (B), which prohibits any employer from terminating an employee during periods of TTD solely on the basis of absence from work. We agree the amendment cannot apply retroactively.[2]

¶ 2 Burch, a DHS employee, was injured on the job on February 5, 1999. Burch filed a Worker's Compensation claim prior to the amendment of § 840–2.21(D), and was receiv-

---

1. This amendment provides in relevant part: Notwithstanding the provisions of Section 1 et seq. of Title 85 of the Oklahoma Statutes, the employee may be separated in accordance with the Oklahoma Personnel Act and Merit Rules if the employee has not returned to the original position of the employee or some other position within the agency within one (1) year from the date of the start of leave without pay.

2. Our review of this case involves a pure question of law that we review de novo. *Upton v. State, ex rel., Dep't of Corrections*, 2000 OK 46, ¶ 4, 9 P.3d 84, 86.

ing TTD benefits while she was off work. DHS then terminated her on April 2, 2003, after she had been off work for more than a year due to her injury. The sole basis for the termination was her failure to return to work due to her continuing disability. The Merit Protection Commission upheld the termination. Subsequently, the district court reversed and vacated Burch's discharge. DHS appeals from this order.

¶ 3 Prior to the 2002 amendment, § 840–2.21(D) did not refer to the Worker's Compensation Act.[3] In *Upton v. State, ex rel. Dept. of Corrections*, 2000 OK 46, ¶ 11, 9 P.3d 84, 88, the Oklahoma Supreme Court determined there was an irreconcilable conflict between § 840–2.21(D) of the Personnel Act and § 5(B) of the Worker's Compensation Act. The Court held § 5(B) of the Worker's Compensation Act more accurately reflected the Legislature's intent regarding absenteeism-based termination of employees who were receiving TTD, because it was more recently enacted. *Id.* The Court ruled § 840–2.21(D) was repealed by implication to the extent it was inconsistent with 85 O.S. 2001 § 5(B). *Id.* Thus, *state employees could not be terminated based solely on absenteeism while receiving TTD benefits. Upton,* ¶ 13, 9 P.3d at 88.[4]

■ ¶ 4 Shortly thereafter, the Legislature passed an amendment to § 840–2.21(D), which allowed termination of an employee *in spite of the Worker's Compensation Act.*[5] However, the amended statute did not contain any language giving the statute retroactive effect and there were no relevant comments or guidance provided by the Legislature. "Statutes are typically not given retroactive effect unless the Legislature has made clear its intent to do so. Any doubts must be resolved against a retroactive effect." *CNA Ins. Co. v. Ellis,* 2006 OK 81, ¶ 13, 148 P.3d 874, 877.

¶ 5 For workers' compensation claims, "[b]enefits for an injury shall be determined by the law in effect at the time of injury . . ." 85 O.S.2001 § 3.6(F). The Oklahoma Supreme Court recently summarized the rules governing whether an amended statute can apply retroactively to a worker's compensation claim:

> The right to compensation *and the obligation to pay* such benefits becomes vested and fixed by law at the time of the claimant's injury. Such rights cannot be affected by after-enacted legislation. *The statutes in force on the date of injury form a part of the contract and determine the rights and obligations of the parties.* No subsequent amendment can operate retrospectively to affect in any way the substantive rights and obligations which are fixed.

*CNA Ins. Co.,* ¶ 14, 148 P.3d at 877 (internal citations omitted & emphasis added) (holding change of law from apportionment of liability to sole liability of current insurer affected substantive rights of parties and could not be given retroactive effect); *see also Sudbury v. Deterding,* 2001 OK 10, 19 P.3d 856 (no

---

3. Before the amendment, § 840–2.21(D) provided in relevant part:

   A. If a state employee, whether in the classified, unclassified or exempt service, is absent because of an illness or injury arising out of and sustained in the course of his or her employment with the state, and for which workers' compensation benefits have been filed, the employing agency shall place the employee on leave without pay if the employee so requests . . .

   D. An employee on leave without pay pursuant to the provisions of this section shall have the right to be returned to his or her original position . . . The right to return to the original position shall expire one (1) year from the date of the start of leave without pay. If the employee has not returned to the original position of the employee or some other position within the agency within one (1) year from the date of the start of leave without pay, the employee may be separated in accordance with the Oklahoma Personnel Act and rules of the Office of Personnel Management.

4. Prior to *Upton,* Merit Protection Rule 530:10–15–10(j)(3) attempted to harmonize these two statutes by making § 5 preeminent as follows:

   If Section 5(A)(2) [now § 5(B)] of Title 85 of the Oklahoma Statutes prevents the Appointing Authority from terminating the employee, the Appointing Authority shall place the employee on leave without pay according to that law. *The rights and benefits of this Section and Section 840–2.21 shall no longer apply.* (emphasis added).

5. See Note 1, *supra.* The only substantive phrase added to the statute was the phrase: "Notwithstanding the provisions of Section 1 et seq. of Title 85 of the Oklahoma Statutes."

retroactive effect for amendment that changed potential liability of a party by substantially increasing damages).

¶ 6 DHS asserts, however, that Burch's right to not be terminated pursuant to § 5(B) while she is still TTD, is not a "benefit" that is protected from after-enacted legislation. It argues the term benefit is constricted to TTD and other monetary payments. DHS also contends Burch did not have an accrued right to bring a claim for wrongful discharge until she was actually terminated, which was after the amendment to the statute. We disagree.

¶ 7 "Remedial or procedural statutes may operate retrospectively only where they do not create, enlarge, diminish or destroy vested rights. A substantive change that alters the rights or obligations of a party cannot be viewed as solely a remedial or procedural change and cannot be retrospectively applied." *Sudbury*, ¶ 19, 19 P.3d at 860. Substantive legislation must be given purely prospective application. *Cole v. Silverado Foods, Inc.*, 2003 OK 81, ¶ 11, 78 P.3d 542, 547 (statute that shortened from five to three years the period during which claim must be pursued was a substantive amendment); *see also King Mfg. v. Meadows*, 2005 OK 78, ¶ 16, 127 P.3d 584, 590 (statutory limit for compensation in effect at time of initial injury applied because amendment limiting permanent partial disability to 100% was substantive).

¶ 8 Here, the right to not be terminated for exercising a protected right to obtain TTD under the Worker's Compensation Act is a substantive right. After claims are filed, claimants will make decisions based on their rights under the current statutes. If they have the right to receive TTD and not lose their job during that period for absenteeism, they may make medical or legal choices based on those statutory rights. When Burch's injury occurred and her claim was filed prior to the amendment of § 840–2.21(D), all the substantive rights and obligations of the parties were fixed and could not be changed by the after-enacted legislation. One of Burch's rights was the right to not be terminated for absenteeism while she was on TTD. The amendment in § 840–

2.21(D) seeking to remove that right after it had already vested was substantive in nature and must be given prospective application only. The district court correctly reversed the order upholding Burch's termination.

¶ 9 AFFIRMED.

ADAMS, J., and JOPLIN, P.J., concur.