Dear Representative McAffrey:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 Title 63, Section 947(D) of the Oklahoma Statutes prohibits the Board of Medicolegal Investigations ("Board") from charging a fee for out-of-state shipment of human remains when the Office of the Chief Medical Examiner ("OCME") is not required to conduct an investigation of the death. Section 947(C) exempts the medical examiner from providing a death certificate in "cases investigated solely for the purpose of issuing a permit for transport of a body out of state."
 1. When is the OCME not required to conduct an investigation of the death of persons whose remains are to be shipped out of the State?
 2. What does "conduct an investigation" mean with regard to the transport or shipment of bodies or remains out of the State?
 3. How does OAC 445:10-1-11(2)(D)(iii), which authorizes a fee for "transport out of state investigations," apply to Section 947(C) and (D)?
The Office of the Chief Medical Examiner is required by law to investigate violent, suspicious, unusual and unnatural deaths to determine the cause and manner of death. 63 O.S. 2001, §§ 938[63-938], 941. The public policy behind the duty to investigate is to protect the health and safety of the public by identifying causes of death that may be related to a public health hazard or a crime. See 18 C.J.S.Coroners § 7 (West, Westlaw through Sept. 2011). Physicians in attendance of the deceased, law enforcement officials, government officials, and other persons aware of deaths that may fall within the jurisdiction of the OCME are required to promptly notify the agency of the occurrence of the death. 63 O.S. 2001, § 940[63-940](A). As the OCME is not always notified of every death that may require investigation, the OCME's jurisdiction also extends to the deaths of persons whose bodies will be *Page 2 
cremated, buried at sea, or transported out of the State, making the bodies unavailable for future pathological study. The law provides in pertinent part:
 A. All human deaths of the types listed herein shall be investigated as provided by law:
 . . . .
 8. Deaths of persons whose bodies are to be cremated, buried at sea, transported out of the state, or otherwise made ultimately unavailable for pathological study.
63 O.S. 2001, § 938[63-938](A)(8) (emphasis added).
 I. WHEN THE DEATH DID NOT OCCUR IN OKLAHOMA, THE OFFICE OF THECHIEF MEDICAL EXAMINER IS NOT REQUIRED TO CONDUCT AN INVESTIGATIONOF THE DEATH OF PERSONS WHOSE REMAINS ARE TO BE SHIPPED OUT OF THESTATE.
The statute at issue in your question, Section 947(D), provides that "[t]he Board of Medicolegal Investigations shall not charge a fee for out-of-state shipment of human remains whenever the Office of the Chief Medical Examiner has not been required to conduct an investigation of the death." 63 O.S. 2001, § 947[63-947](D). This statute and 63 O.S. 2001, § 938[63-938] appear to be contradictory, as Section 938 clearly requires an investigation before a body may be transported out of the State. Conversely, Section 947 presumes that there are circumstances in which an investigation is not required for the "out-of-state shipment of human remains."Id.
Rules of statutory construction require that "[w]hen construing what appears to be contradictory statutory syntax, the Court is required, where possible, to construe the relevant provisions together in order to give force and effect to each." Upton v.State ex rel Dep't of Corr., 9 P.3d 84, 86-87 (Okla. 2000). We may give force and effect to both Sections 938 and 947(D) if we construe Section 947(D) to mean the body or remains of a person whose death occurred outside of Oklahoma. Pursuant to Section 1-329.1 of Title 63, the OCME's duty to investigate is limited to deaths that occurred in Oklahoma. For example, the OCME would not be required to investigate the death of an Oklahoma soldier killed in Afghanistan whose body was returned to Oklahoma for a memorial service but then transported out of the State for burial in Arlington National Cemetery.
To construe Section 947(D) to mean that the medical examiner does not need to investigate a death that occurs in Oklahoma when the reason for notification of the OCME was simply because the remains are to be shipped out of the State would be in direct contravention to the public health and safety purpose of the OCME. Deaths which initially appear to the attending physician to be a result *Page 3 
of natural causes may, upon closer investigation by a forensic pathologist at the OCME, be related to a public health hazard or a crime. Thus, when a death occurs in Oklahoma, the medical examiner must conduct an investigation before the remains may be shipped or transported out of the State. See id. When the death occurs outside of Oklahoma, the medical examiner is not required to conduct an investigation.
 II. THE CHIEF MEDICAL EXAMINER DETERMINES THE SCOPE OF THEINVESTIGATION OF THE DEATHS OF PERSONS WHOSE BODIES OR REMAINS WILLBE TRANSPORTED OR SHIPPED OUT OF THE STATE.
You inquire about the manner of the investigation of a body to be transported out of the State. The enabling statutes of the OCME require the Chief Medical Examiner to provide "detailedinstructions as to the nature, character, and extent ofinvestigation and examination to be made in each case in whichinvestigation is required pursuant to Sections 931 through 954 ofthis title." 63 O.S. 2001, § 939[63-939] (emphasis added). The statutes further provide that an investigation may include taking fingerprints and photographs, taking charge of any object on or near the body at the scene of death, review of medical and dental records and history of the deceased, collection of blood, body fluids and tissue, laboratory testing of such specimens, and an autopsy.Id. §§ 941, 944. The purpose of an investigation of the death of a body to be transported out of the State is no different from the investigation of any other death within the OCME's jurisdiction. The medical examiner must ultimately determine whether the death was related to a public health hazard or a crime before the body leaves the State and potentially becomes unavailable for future pathological study. The Chief Medical Examiner is empowered to determine the scope of the investigation necessary to rule out the possibility of a public health hazard or a crime. The medical examiner may be able to reach a conclusion with an investigation limited to only a review of medical records and history of the deceased, or the investigation may also require collection and testing of specimens and autopsy. The Chief Medical Examiner decides what "conduct an investigation" means for each case the OCME is required by law to investigate, including deaths of persons whose bodies will be transported out of the State.
 III. THE "TRANSPORT OUT OF STATE INVESTIGATIONS" FEE AUTHORIZED BYOAC 445:10-1-11(2)(D)(iii) APPLIES TO SECTION 947(D). THE FEE ISDISTINCT FROM THE "PERMIT FOR TRANSPORT OF A BODY OUT OF STATE"REFERENCED IN SECTION 947(C).
Both Section 947(D) and 947(C) refer to the OCME's duty to investigate deaths of persons whose bodies will be transported out of the State. However, Section 947(C) refers to a permit while Section 947(D) *Page 4 
refers to a fee. You ask whether the "transport out of state investigations" fee authorized by OAC 445:10-1-11(2)(D(iii) applies to both the fee referenced in Section 947(D) and the permit referenced in Section 947(C). The answer to your question requires an examination of the statutes authorizing the OCME to charge fees and issue permits, as well as another provision of law in Title 63 regarding permits for the transport of human bodies out of the State. Section 101 of Title 63 requires the Oklahoma State Department of Health to issue a "burial-transit permit" for the shipment of dead bodies within or outside of the State via railroad or common carrier.
The OCME is statutorily authorized to charge fees for the permits, forensic services, and reports it provides. 63 O.S.Supp. 2010, § 948.1[63-948.1] (A). The statute allows the OCME to charge from one hundred dollars ($100) to three thousand dollars ($3,000) for forensic services. Id. § 948.1(A)(2)(b). To establish or amend a fee schedule, the OCME must promulgate rules in accordance with the Administrative Procedures Act.Id. § 948.1(A)(1). The fee schedule promulgated in rule OAC445:10-1-11(2)(D)(iii) authorizes a charge of one hundred dollars ($100) for the forensic service of "[t]ransport out of state investigations." The fee for the out-of-state shipment of human remains referenced in Section 947(D) is encompassed within the forensic service fee of "[t]ransport out of state investigations" authorized in Section 948.1(A)(2)(b) and in OAC445:10-1-11(2)(D)(iii). The OCME must conduct an investigation of a death that occurred in Oklahoma when the body will be transported or shipped out of the State, and may charge a fee for the investigation. 63 O.S. 2001 Supp. 2010, §§ 938(A)(8), 948.1(A)(2)(b); OAC 445:10-1-11(2)(D)(iii).
The fee for the forensic service of "[t]ransport out of state investigations" is distinct from a permit for the out-of-state transport of a body. Section 947(C) of Title 63 provides that "[m]edical examiner death certificates will not be required in cases investigated solely for the purpose of issuing a permit for transport of a body out of state." Id. While the OCME is required by Section 1-329.1 of Title 63 to issue a permit for the disposal or cremation of a body, there are no statutes or rules that require or authorize the OCME to issue or charge a fee for a permit for transport of a body out of the State. The requirement for a permit for the out-of-state transport of a body is found in 63 O.S. 2001, § 101[63-101]. When the body of a deceased person is to be transported within the State or out of the State via railroad or common carrier, a burial-transit permit must be attached to the shipping case. Id. The state registrar at the Oklahoma State Department of Health issues burial-transit permits. Id. While the OCME is authorized to charge a fee for "[t]ransport out of state investigations," it is not authorized or required to issue apermit for transport of a body out of the State. Thus, the permit for transport of a body out of the State in Section 947(C) refers to the burial-transit permit in Section 101, not the "[t]ransport out of state investigations" fee in OAC445:10-1-11(2)(D(iii).
Further, a permit for transport of a body out of the State is distinct from the disposal or cremation permit issued by the OCME pursuant to Section 1-329.1. When the body of a person whose death occurred in Oklahoma is to be "cremated, buried at sea, or made unavailable for further pathologic study by other recognized means of destruction or dissolution of such remains," the person legally *Page 5 
responsible for the disposition of the body must notify the OCME.Id. The medical examiner must conduct an investigation and issue a valid death certificate and a cremation permit.Id.[1]
The cremation permit statute is not applicable to the out-of-state transport of a body. Unlike Section 938, Section 1-329.1 does not include the phrase "transported out of the state." Section 1-329.1 states, "Until a permit for disposal has been issued in accordance with this section, no dead human body whose death occurred within the State of Oklahoma shall be cremated, buried at sea, or made unavailable for further pathologic study by other recognized means of destruction or dissolution of such remains." Section 1-329.1 is concerned with the destruction or dissolution of a body. While the transport of a body out of the State may make the body unavailable for further pathological study, it does not constitute a "recognized means of destruction or dissolution of such remains." Id.
When the body of a person whose death occurred in Oklahoma is to be transported or shipped out of the State, the OCME must conduct an investigation and may charge a "transport out of state investigations" fee pursuant to OAC 445:10-1-11(2)(D(iii), but the OCME is not authorized or required to issue a permit for out-of-state transport. When the body is to be transported out of the State via railroad or common carrier, the Oklahoma State Department of Health issues the "permit for transport of a body out of state" referenced in Section 947(C). The OCME's duty to issue a disposal or cremation permit does not include the authority to issue a permit for the transport of a body out of the State.
 It is, therefore, the official Opinion of the Attorney General that:
 1. When the body of a person whose death occurred in Oklahoma is to be transported or shipped out of the State, the Office of the Chief Medical Examiner must conduct an investigation of the death. 63 O.S. 2001, § 938[63-938](A)(8). No investigation is required when the remains of a person whose death did not occur in Oklahoma are to be transported or shipped out of the State.
 2. The Chief Medical Examiner determines the nature, character, and extent of the investigation of deaths of persons whose bodies will be transported out of the State. 63 O.S. 2001, § 939[63-939]. The investigation may be limited to a review of the medical records and history of the deceased, or may also include the collection and testing of specimens and an autopsy. Id. §§ 941, 944. *Page 6 
 3. The fee for the forensic service of "transport out of state investigations" authorized by 63 O.S. 2001, § 948.1[63-948.1](A)(2)(b) and OAC 445:10-1-11(2)(D)(iii) applies to the fee for out-of-state shipment of remains referenced in 63 O.S. 2001, § 947[63-947](D). The Office of the Chief Medical Examine may charge the "transport out of state investigations" fee listed in OAC 445:10-1-11(2)(D(iii) for the investigation of the death of a body to be transported out of the State required by Section 938(A)(8).
 4. The investigation fee is distinct from the "permit for transport of a body out of state" referenced in Section 947(C). Section 947(C) refers to the burial-transit permit issued by the Oklahoma State Department of Health when a body is to be transported out of the State via railroad or common carrier. 63 O.S. 2001, § 101[63-101].
 5. The Office of the Chief Medical Examiner's duty in Section 1-329.1 of Title 63, to issue a permit for the disposal or cremation of a body and charge a fee for the permit does not include the authority to issue a permit and charge a permit fee for the out-of-state transport of a body. Id.; see also id.§ 948.1 (A)(2)(a).
E. SCOTT PRUITT ATTORNEY GENERAL OF OKLAHOMA
SANDRA J. BALZER ASSISTANT ATTORNEY GENERAL
[1] There are two statutes and an administrative rule that address the fee for the permit issued by the OCME. There appears to be a discrepancy between Section 1-329.1, which requires the OCME to charge a cremation permit fee of one hundred dollars ($ 100), Section 948.1 (A)(2)(a), which authorizes the OCME to charge from one hundred dollars ($100) to two hundred dollars ($200), and OAC 445:10-1-11 (2)(D(i), which authorizes the OCME to charge one hundred fifty dollars ($ 150). As the amount of the cremation permit fee is not relevant to your question, we need not resolve the discrepancy in this Opinion. *Page 1